JIMMIE LEE ELMORE, ANDREA LAMB, JOHNNY MONTGOMERY *v.* STATE OF INDIANA.

[No. 1178S255. Filed November 8, 1978.]

*Bruce N. Bagni, Bagni, Giddings & Sherman,* of Indianapolis, for appellants.

*Theodore L. Sendak*, Attorney General, *David L. Steiner*, Deputy Attorney General, for appellee.

PIVARNIK, J.—This case comes to us on a transfer petition from the Court of Appeals, Second District. Following a bench trial in the Marion Criminal Court on March 12, 1976, appellants Elmore, Lamb and Montgomery were convicted of theft and conspiracy to commit theft. Each was fined $100 and sentenced to one to ten years imprisonment for the theft and two to fourteen years for the conspiracy. On appeal, the judgment of the trial court was affirmed. *Elmore* v. *State*, (1978) Ind. App., 375 N.E.2d 660. However, the Court of Appeals with one judge dissenting held, *sua sponte*, that the "lesser offense of theft is merged into the greater offense of conspiracy" and thus remanded the cause for vacation of the theft sentence. *Id.* at 661. The state petitions this court to transfer this case and to set aside the judgment of the Court of Appeals.

The principal question for our review is whether it was proper for the trial court to convict appellants of both theft and of conspiring to commit the same theft, and to impose separate sentences thereon. This question once again raises the problem of when cumulative punishments may be properly imposed for multiple offenses arising from the same criminal act or course of conduct. An examination of this question requires us to review several of our recent decisions which appear to be in conflict.

Today, the problem of when a trial court may impose multiple punishments upon convictions on multiple counts at a single trial is a problem controlled largely by the Double Jeopardy Clause of the Fifth Amendment, which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause was made applicable to the states through the Fourteenth Amendment in *Benton* v. *Maryland*, (1969) 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d

707. The Clause has been held to embody three separate but related prohibitions: (1) a rule which bars a reprosecution for the same offense after acquittal; (2) a rule barring reprosecution for the same offense after conviction, and; (3) a rule barring multiple punishment for the same offense. *North Carolina* v. *Pearce*, (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.E.2d 656. The rules barring reprosecution and multiple punishment are related in that a defendant may not be reprosecuted in a second trial for the *same offense* nor may he be twice sentenced for the *same offense* in a single proceeding. In other words, the prosecution may not do in one trial what it is prohibited from doing in two trials. The crucial inquiry in either situation requires a determination of whether the *offenses* are the *same* for purposes of double jeopardy.

The United States Supreme Court, as the final arbiter in matters of constitutional interpretation, has developed a test for determining when offenses are the same under the Double Jeopardy Clause:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

*Blockburger* v. *United States*, (1932) 284 U.S. 299, 304, 52 S.Ct. 180, 182, 75 L.Ed. 306, 309; *See also Gore* v. *United States*, (1958) 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405. The so called *Blockburger* test was recently reaffirmed and further developed in *Brown* v. *Ohio*, (1977) 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194. In holding that under the *Blockburger* test a lesser included offense is the same as the greater offense, the *Brown* court stated: "This test emphasizes the elements of the two crimes. 'If each requires proof that the other does not, the *Blockburger* test would be satisfied, notwithstanding a substantial overlap in

the proof offered to establish the crimes. . . .' *Iannelli* v. *United States*, 420 U.S. 775, 785, n. 17, 43 L.Ed.2d 616, 95 S.Ct. 1284 (1975)" Thus, the test to be applied in situations such as the present case is well established.

Although the decisions of this state's courts have cited *Blockburger* only occasionally, the vast majority of our cases have reached results in harmony with the dictates of the Double Jeopardy Clause. In accord with the same principles expressed by the Supreme Court in *Brown* v. *Ohio, supra,* we have consistently refused to allow cumulative punishments to be imposed where defendants are convicted of both a greater and lesser included offense such as armed robbery and inflicting injury in the commission of a robbery. *Bobbitt* v. *State*, (1977) 266 Ind. 164, 361 N.E.2d 1193; *Swininger* v. *State*, (1976) 265 Ind. 136, 352 N.E.2d 473; *Thomas* v. *State*, (1976) 264 Ind. 581, 348 N.E.2d 4. *See also Hudson* v. *State*, (1976) 265 Ind. 302, 354 N.E.2d 164 (vacating sentence for rape where appellant was convicted and sentenced for rape and armed rape); *Kokenes* v. *State*, (1938) 213 Ind. 476, 13 N.E.2d 524 (robbery and armed robbery). *Cf. Johnson* v. *State*, (1974) 262 Ind. 164, 313 N.E.2d 535. Similarly, our results are consistent with *Harris* v. *Oklahoma*, (1977) 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054, in which the Supreme Court, following *Brown,* held that where a felony murder conviction requires proof of the underlying felony, the Double Jeopardy Clause bars prosecution for the lesser felony after conviction of felony murder, i.e., the underlying felony is a lesser included offense of felony murder. *See Williams* v. *State*, (1978) 267 Ind. 700, 373 N.E.2d 142; *Candler* v. *State*, (1977) 266 Ind. 440, 363 N.E.2d 1233.

While the results of our decisions have been generally correct under double jeopardy analysis, the reasoning used to reach these results has engendered some confusion in the lower courts. *Compare Elmore, supra,* 375 N.E.2d at 667-68 (White, J., for the court), *with id.* at 668-70 (Buchanan, J.,

dissenting). Some of the confusion is attributable to our use of the term "merger" where other language would have been more appropriate.

The doctrine of merger of offenses developed in early common law and was applied only where a defendant's conduct constituted both a felony and a misdemeanor. Because of the procedural differences between the trial of felonies and the trial of misdemeanors, the misdemeaner was said to merge into the felony. W. LaFave and A. Scott, Criminal Law p. 494 (1972). However, felonies were never merged into felonies nor were misdemeanors merged into misdemeanors. *Pivak* v. *State*, (1931) 202 Ind. 417, 175 N.E. 278. While it is doubtful whether the doctrine of merger ever existed in this state, it is clear that its application would have been limited to cases where the *identical* criminal act constituted both a felony and a misdemeanor. *Id.* at 202 Ind. 422-423, 175 N.E. 282. A principal reason supporting the doctrine was that a failure to merge the misdemeanor into the felony, when both were committed by the same act, would allow the defendant to be twice punished for the same act. *Id.*, at n. 1. It is evident, in light of the doctrine's history and purpose, that common law merger is an inadequate vehicle for resolving modern problems posed where multiple felonies arise from a single criminal act. Accordingly, any language in our decisions which could be read as giving new life to the merger doctrine is hereby disapproved.

Prior to the time when double jeopardy analysis was made obligatory on the states by *Benton* v. *Maryland, supra,* this court dealt with reprosecution and multiple punishment issues by applying what is called the "identity of offense" or "same evidence" test. *See generally* Comment, *Twice in Jeopardy,* 75 Yale L.J. 262, 269-273 (1965). This test was developed to secure the rights found in the double jeopardy provision of the state constitution. Ind. Const. art. 1, § 14. *Durke* v. *State,* (1932) 204 Ind. 370, 183 N.E. 97. Thus it was early recognized that questions of the type presented by the instant

case were essentially double jeopardy rather than merger problems. In the context of a second trial following an earlier prosecution for offenses arising from the same act, the "identity of offense" test has been described as follows:

> "This test, as usually stated in the opinions of this court, is whether if what is set out in the second indictment had been proved under the first, there could have been a conviction, or stated another way: would the same evidence be necessary to secure a conviction in the pending, as in the former prosecution."

*Foran* v. *State*, (1924) 195 Ind. 55, 60, 144 N.E. 529, 530. *See also Tungate* v. *State*, (1958) 238 Ind. 48, 147 N.E.2d 232; *Ford v. State*, (1951) 229 Ind. 516, 98 N.E.2d 655; *Durke* v. *State*, (1932) 204 Ind. 370, 183 N.E. 97; *State* v. *Elder*, (1879) 65 Ind. 282. From this general rule, Justice Bobbitt held that it logically followed that if an accused can be prosecuted on separate charges in different trials for offenses growing out of the same act or circumstances, he could be prosecuted for all or any number of them in a single trial. "Under such procedure the accused could be found guilty on any or all of the offenses charged." *Tungate, supra,* at 238 Ind. 52-53, 147 N.E.2d 234. The obvious similarity between the "identity of offense" test and the federal double jeopardy standard was recognized by this court in *Dunkle* v. *State*, (1961) 241 Ind. 548, 551, 173 N.E.2d 657, 658.

> "The recognized test, in determining the identity in similar crimes charged, is the difference or lack of difference in the evidence necessary to establish one particular crime as compared with that required to establish the other crime. *Blockburger* v. *United States*, (1932) 284 U.S. 299, 304, 76 L.Ed. 306; *Gillenwaters* v. *Biddle*, 18 F.2d 206, 208 (C.C.A. 9th Cir. 1927)."

Thus, until recently, our method of analysis in cases involving multiple count offenders closely paralleled the methodology employed by federal courts for protecting Fifth Amendment guarantees. Now that we are bound by the federal Double Jeopardy Clause, it is more necessary than ever that we be in line with federal standards.

The language of some of our more recent decisions is marked by a subtle but significant departure from traditional double jeopardy analysis. An example of this is [4] seen in *Thompson* v. *State*, (1972) 259 Ind. 587, 290 N.E.2d 724. In *Thompson* we held that sentences for both possession and selling drugs could not stand since, under the statute, the count charging sale necessarily included possession. In so holding, we stated:

'Since Appellant has been subjected to only one judicial proceeding for the offenses charged, his claim of double jeopardy is inappropriate . . . However, he has received, in effect, double punishment for a single offense arising from but one set of operative circumstances. . . . We hold that before the court may enter judgment and impose sentence upon multiple counts, the facts giving rise to the various offenses must be independently supportable, separate and distinct."

*Id.* at 259 Ind. 591-92, 290 N.E.2d 726-27. Although the statement concerning the inappropriateness of appellant's double jeopardy claim was incorrect in light of *North Carolina* v. *Pearce, supra,* the result reached in *Thompson* was correct. Thompson did, in fact, receive double punishment for a single offense but not because both counts arose from "one set of operative circumstances," rather, he received double punishment because greater and lesser included offenses are considered the same for purposes of double jeopardy. *Brown* v. *Ohio, supra.*

The rule that "facts giving rise to various offenses must be independently supportable, separate and distinct" before sentences may be imposed upon multiple counts, is misleading in that it tends to shift the court's attention to the identity of the defendant's acts and away from the identity of the offenses he is charged with. *See e.g. Coleman* v. *State,* (1975) 264 Ind. 64, 72, 339 N.E.2d 51, 57 (holding that a judgment and sentence for automobile banditry should be vacated if found to "rest upon the same criminal act as the greater offense of armed robbery.") This passage from *Thompson*

has been cited by subsequent cases as standing for a "separate but related rule" in addition to the traditional identity of offense test. *See e.g. Candler* v. *State,* (1977) 266 Ind. 440, 363 N.E.2d 1233, 1243; *Elmore* v. *State,* (1978) Ind. App. 375 N.E.2d 660, 667. The danger with this new "rule" is two-fold: (1) by focusing upon whether the *same act* gave rise to the offenses, we tend to lose sight of the express language and purpose of the Double Jeopardy Clause, that is, to prohibit reprosecution and multiple punishment for the *same offense,* and; (2) by focusing on the sameness of the act rather than of the offenses, we reach results which go beyond what is required by the Clause. The focus of a proper double jeopardy analysis must be on whether or not the offenses to be prosecuted and punished are the same, and not whether the offenses spring from the same act or operative circumstances. The inquiry into whether the offenses stem from the same act is merely the first step in the analysis. If the offenses are premised upon different acts, the problem is not so great. But where they do arise from the same act, we must proceed to determine whether the offenses charged are themselves the same, for the Double Jeopardy Clause was written in terms of the "same offense," not the same act. In other words, the fact that the offenses stem from the same act merely informs us that there is a potential problem; it is not a solution to the problem. The ultimate focus is on the identity of the offenses, not on the identity of their source.

This shift in focus has caused us to reach incorrect results in two recent opinions. In *Sansom* v. *State,* (1977) 267 Ind. 33, 366 N.E.2d 1171, and *Jones* v. *State,* (1977) 267 Ind. 205, 369 N.E.2d 418 we vacated sentences on theft convictions where the defendants had been convicted of theft and second-degree burglary. Our reasoning in those opinions was that both offenses were based on the same act. We did not reach a determination as to whether burglary and theft are actually the same offense. The error of these two decisions becomes apparent when considering the following example. Defendant

"A" breaks and enters a home with intent to commit theft therein. Once inside, A has a change of heart and departs whereupon he is captured outside. A is prosecuted, convicted and properly sentenced for the crime of burglary as he broke and entered with intent to commit the felony of theft. Defendant "B" breaks and enters a home with intent to commit theft therein. Unlike A, B proceeds to commit theft and is later apprehended. B is prosecuted, convicted and sentenced for theft and burglary. Under our holdings in *Jones* and *Sansom*, the sentence for theft would have to be vacated, thus resulting in equal treatment for A and B although B is obviously a more dangerous individual than A, as defined by the laws of our state. By applying the *Blockburger* "identity of offense" or "same evidence" test, it becomes clear that the offenses of theft and burglary are not the same. To obtain a conviction for burglary, it is not necessary for the state to prove that the defendant committed theft or any other felony since the burglary is complete upon breaking and entering with mere intent to commit a felony. Similarly, a conviction for theft may obtain without proof of a breaking and entering. Thus, the two offenses are not the same and separate sentences may be imposed for each. Accordingly, *Sansom* and *Jones* are overruled insofar as they found that the offense of theft "merged" into the offense of burglary. Also, the language from *Thompson, supra*, which has been read as creating a separate rule in addition to the identity of offense test, is hereby disapproved, as is the previously quoted language from *Coleman, supra*.

In the present case, the appellants were convicted and sentenced for both conspiring to commit theft and theft. Relying, *inter alia*, on this court's decisions in *Thompson, Sansom* and *Jones*, the Court of Appeals focused upon the fact that the same theft was involved in both counts and vacated appellants' sentences for theft. We think that but for the confusion which hopefully is now cleared up, the Court of Appeals would surely have

reached the opposite conclusion. Proper resolution of the question of whether or not appellants may receive separate sentences for the two offenses, consistent with the Double Jeopardy Clause, requires a determination of whether theft and conspiracy to commit theft are the "same offense." This determination is to be made by applying the identity of offense test enunciated in *Blockburger* v. *United States, supra,* and elaborated upon in *Brown* v. *Ohio, supra.* In doing so, we conclude that the two offenses are not the same. The gist of the offense of conspiracy, Ind. Code § 35-1-111-1 (Burns 1975), is a criminal agreement of two or more persons, the object of which is the commission of a felony. It is not required that a felony actually be committed or even attempted. The offense of theft, on the other hand, is made out where a defendant knowingly obtains or exerts unauthorized control over property intending to deprive the owner of its use and benefit. Ind. Code § 35-17-5-3 (Burns 1975). Thus, the two offenses require proof of facts which the other does not. We therefore hold that the offenses of theft and conspiracy to commit theft are not the same offense and the trial court was correct in imposing separate concurrent sentences upon convictions of each. *Accord, Iannelli* v. *United States,* (1975) 420 U.S. 770, 95 S.Ct. 2912, 43 L.Ed.2d 616, *Pinkerton* v. *United States,* (1945) 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; *United States* v. *Boyle,* (1973) 157 U.S. App. D.C. 166, 482 F.2d 755, *cert. denied,* (1973) 414 U.S. 1076, 94 S.Ct. 593, 38 L.Ed.2d 483; *United States* v. *Cruz,* (1st Cir. 1978) 568 F.2d 781; *United States* v. *Seijo,* (2d Cir.) 537 F.2d 694, *cert. denied,* (1973) 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756; *United States* v. *Brahm,* (3rd Cir.) 459 F.2d 264, *cert. denied,* (1972) 409 U.S. 873, 93 S.Ct. 205, 34 L.Ed.2d 125; *United States* v. *Bobo,* (4th Cir. 1973) 477 F.2d 974; *United States* v. *Seelig,* (5th Cir. 1974) 498 F.2d 109; *United States* v. *Mayes,* (6th Cir.) 512 F.2d 637, *cert. denied,* (1975) 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670; *United States* v. *Cortwright,* (7th Cir. 1975) 528 F.2d 168; *United States*

v. *Friedman,* (8th Cir) 506 F.2d 511, *cert. denied,* (1974) 421 U.S. 1004, 95 S.Ct. 2407, 44 L.Ed.2d 673; *United States* v. *Fishbein,* (9th Cir.) 446 F.2d 1201, *cert. denied,* (1971) 404 U.S. 1019, 92 S.Ct. 683, 30 L.Ed.2d 667; *United States* v. *Keine,* (10th Cir.) 436 F.2d 850, *cert. denied,* (1971) 402 U.S. 930, 91 S.Ct. 1531, 28 L.Ed.2d 864; *Diggs* v. *State,* (1976) 266 Ind. 547, 364 N.E.2d 1176; *Durke* v. *State,* (1932) 204 Ind. 370, 183 N.E. 97. This holding is in accord with the recognized principle that the crime of conspiracy poses distinct dangers quite apart from those of the substantive offense. *Iannelli* v. *United States, supra.*

"This settled principle derives from the reason of things in dealing with socially reprehensible conduct: collective criminal agreement — partnership in crime — creates a greater potential threat to the public than individual delicts. Concerted action both increases the likelihood that the criminal object will be successfully obtained and decreases the probability that the individuals involved will depart from their path of criminality. Group association for criminal purposes often, if not normally, makes possible the attainment of ends more complex than those which one criminal could accomplish. Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed. In sum, the danger, which a conspiracy generates is not confined to the substantive offense which is the immediate object of the enterprises." *Callanan* v. *United States,* (1961) 364 U.S. 587, 593-94, 81 S.Ct. 321, 326, 5 L.Ed.2d 312, 317.

Two other issues need to be noted here. The appellants have argued that the trial court erred in not approving their plea agreement, and that the evidence supporting their conviction was insufficient. The Court of Appeals found no reversible error in these two issues. *Elmore* v. *supra,* 375 N.E.2d at 661-667. As we agree with the Court of Appeals' disposition of these issues, we incorporate their opinion on these issues by reference herein.

Transfer is granted and the opinion of the Court of Appeals, except insofar as it has been incorporated in this

opinion, is vacated. The judgment of the trial court is in all respects affirmed.

Givan, C.J., DeBruler, Prentice, JJ., concur; Hunter, J., concurs in *this* case.

NOTE.—Reported at 382 N.E.2d 893.