**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Virldeen REDMON, Appellee (Defendant Below).**

**No. 1-379-A-67.**

Court of Appeals of Indiana, First District.

June 14, 1979.

Rehearing Denied June 18, 1979.

Rehearing Denied July 5, 1979.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

ROBERTSON, Judge.

Pursuant to *Ind.Code* 35-1-47-2, the State appeals from the trial court's granting Redmon's motion to dismiss an information charging operation of a motor vehicle by a habitual traffic offender (HTO).

We reverse.

The trial court's order succinctly sets forth, in pertinent part, the relevant facts and contentions:

The Court finds that the acts upon which this charge [operation by a HTO] is based occurred December 11, 1976; thereafter, various charges [driving while license suspended; driving under the influence; driving left of center; and, fictitious registration] were filed in the Rushville City Court, and ultimately a Plea Arrange-

ment was made disposing of all charges [guilty plea to driving while suspended and driving under the influence]. This cause was filed in the Rush Circuit Court May 25, 1978. The defendant argues that he has been held on bond for more than one year without trial, and the delay was not caused by him, thereby necessitating dismissal. The defendant also argues that this charge places him in double jeopardy as a constitutional violation. The State counters by saying that his action is a new cause and that defendant has not been held on bond for one year. The State further argues that this cause is a separate and distinct offense from those filed in the Rushville City Court, and therefore, the double jeopardy argument is without merit.

The Court finds that to proceed herein would be to place defendant in double jeopardy in violation of the Constitution of Indiana and the United States. The acts leading to the filing of this charge having been disposed of by action in the Rushville City Court, jeopardy has attached, and this cause must be dismissed and defendant discharged.

The State on appeal alleges trial court error (1) in the instant finding that further proceedings would place Redmon in double jeopardy and (2) in not permitting the State to proceed under IC 9–4–13–15.

The double jeopardy inquiry in this case requires a determination as to whether the offenses of driving while suspended and operation of a motor vehicle by a HTO are the same. *Elmore v. State,* (1978) Ind., 382 N.E.2d 893. According to our Supreme Court in *Elmore*:

The focus of a proper double jeopardy analysis must be on whether or not the offenses to be prosecuted and punished are the same, and not whether the offenses spring from the same act or opera-

tive circumstances. The inquiry into whether the offenses stem from the same act is merely the first step in the analysis. If the offenses are premised upon different acts, the problem is not so great. But where they do arise from the same act, we must proceed to determine whether the offenses charged are themselves the same, for the Double Jeopardy Clause was written in terms of the "same offence," not the same act. In other words, the fact that the offenses stem from the same act merely informs us that there is a potential problem; it is not a solution to the problem. The ultimate focus is on the identity of the offenses, not on the identity of their source.

*Id.* 382 N.E.2d at 897.

In the present case, Redmon pleaded guilty in City Court March 22, 1978, to driving while suspended on December 11, 1976. IC 9–1–4–52, the pertinent statute, provides:

(a) Any person whose license or permit issued under the provisions of this act has been suspended or revoked as provided by law, and who shall drive any motor vehicle upon the public highways <u>while such license or permit is suspended or revoked,</u> shall be guilty of a misdemeanor.

Thereafter, an information was filed charging operation of a motor vehicle by a habitual traffic offender, based upon Redmon's operating the vehicle on December 11, 1976, while an order of Madison Circuit Court adjudicating Redmon a HTO remained in effect. IC 9–4–13–14 [1] provides:

Any person found to be an habitual traffic offender under the provisions of this chapter, and who thereafter operates a motor vehicle in this state <u>while the order of the court prohibiting such operation remains in effect,</u> shall upon conviction be imprisoned for a period of not less than one (1) year nor more than five (5)

1. We note for the parties (who have not observed same) that IC 9–4–13–14 is the penalty provision for proscriptive section IC 9–4–13–13, which states:

It shall be unlawful for any person who has been adjudged an habitual traffic offender under the provisions of this chapter to oper-

ate any motor vehicle, which is required to be registered, on public thoroughfares or on private property which is commonly used by the motoring public in this state while the order of the court prohibiting such operation remains in effect.

years. The court in its discretion may suspend up to one hundred eighty (180) days of the sentence. In addition, a conviction for this felony shall work a forfeiture of the privilege of operating a motor vehicle in this state for the life of the person so convicted: Provided, however, That in cases wherein the prohibited operation of a motor vehicle by an habitual traffic offender is necessitated in situations of extreme emergency in order to save life, limb, or property, the penalty or forfeiture, or any part thereof, may be suspended.

The underscored portions of the statutes make evident that there is no identity of offenses. The State must prove under IC 9–4–13–14 that Redmon was a HTO and that he operated a motor vehicle while the court order prohibiting operation remained in effect; proof that Redmon's license was suspended or revoked was not required under IC 9–4–13–14. Redmon's conviction under IC 9–1–4–52 required proof of Redmon's driving while his license or permit was suspended or revoked—but not that he was a HTO. The fact that both offenses arose out of the same operative act does not manifest a double jeopardy prohibition; rather, here, each statutory provision at issue requires proof that the other does not. See *Elmore, supra.*

Inasmuch as we have concluded error in the double jeopardy issue, we need not pass on the State's second alleged error.

The judgment of the trial court is reversed and remanded with instructions to reinstate this cause.

Reversed and remanded with instructions.

LOWDERMILK, P. J., and LYBROOK, J., concur.