STATE of Indiana, Appellant,

v.

Virldeen REDMON, Appellee.

No. 1179S308.

Supreme Court of Indiana.

Nov. 8, 1979.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

Virldeen Redmon, pro se.

## ON PETITION TO TRANSFER

DeBRULER, Justice.

Appellee Redmon (defendant below) was charged with operation of a motor vehicle by a habitual traffic offender. The trial court dismissed the charge before trial on double jeopardy grounds and the State appealed. The First District Court of Appeals reversed the trial court and remanded the cause for reinstatement. 390 N.E.2d 1044. The *pro se* petition to transfer of appellee is granted and the opinion of the Court of Appeals is vacated.

Appellee was represented by counsel in the trial court, but had no counsel and filed no brief before the Court of Appeals. On May 5, 1979, appellee received notice in the form of a letter from his former trial counsel that an appellant's brief had been filed on April 4, 1979, on behalf of the State by the office of the Attorney General. On May 30, 1979, appellee filed a motion on his own behalf entitled A First Petition for an Extension of Time to File Appellee Record in which he averred that he was presently confined in the Indiana State Prison, that he had no lawyer to represent him in the appeal, and that he was without funds or means to employ counsel, and that he had contacted the public defender's office in the prison but had not had an opportunity to consult with the lawyer there. Appellee requested additional time and filed simultaneously a separate written request for appointment of pauper counsel. The petition

for time was denied by the Court of Appeals on June 5, 1979, without explanation and the request for counsel was either denied by the same order or through inadvertence was not acted upon at all. On June 14, 1979, the Court of Appeals handed down an opinion on the merits adverse to appellee without benefit of legal response by or on behalf of appellee addressed to the merits of the appeal. In his rehearing petition before the Court of Appeals and in his petition to transfer to this Court appellant complains that he was denied counsel on appeal.

 Article 1, § 13, provides that "In all criminal prosecutions, the accused shall have the right . . . to be heard by himself and counsel." An appeal by the State from a pre-trial ruling dismissing a charge is clearly a critical phase of a criminal prosecution as a decision of the appellate court in favor of the State will result in the continued progress of the prosecution's case against the accused toward conviction. Appellee Redmon was, therefore, guaranteed the right to retained or appointed counsel before the Court of Appeals to represent him there. There was no waiver of the right to counsel or assertion of the right to self-representation in the record before the Court of Appeals. In cases such as this in which the State intends to prosecute an appeal, the trial court should determine indigency and appoint counsel for the appeal if necessary at the motion to correct error stage. However, when that has not occurred and jurisdiction is no longer in the trial court, such duty falls on the appeal court. The Court of Appeals was in error in deciding this appeal without first addressing the issue of indigency of the appellee and procuring or appointing counsel for him if warranted.

We, therefore, grant transfer and vacate the decision and opinion of the Court of Appeals and remand this cause to that court to address the request of appellee for counsel and to rehear the case on its merits after receipt of an appellee's brief.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.