Carl **HELTON**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 2–579A159.

Court of Appeals of Indiana, Second District.

Dec. 3, 1980.

John P. Geberin, Bowser & Geberin, Warsaw, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Carl Helton appeals from his conviction of operating a motor vehicle after being found an habitual traffic offend-

er. IC 9–4–13–14 (Burns Ind.Code Supp. 1977) (amended 1978).[1]

We reverse.

In 1974, Helton was adjudged to be an habitual traffic offender and as part of the judgment his driver's license was suspended for a period of ten years. On August 3, 1975 Helton was arrested and charged with "driving while license suspended or revoked in violation of Section 47–2907(a) [IC 9–4–5–1]."[2] He was convicted of this offense on August 14, 1975 and was fined $25 and costs.

Thereafter, Helton was charged with IC 9–4–13–14, operating a motor vehicle after having been adjudged an habitual traffic offender. This charge was based on the same August 3 incident. Helton's motion to dismiss the charge on the basis of double jeopardy was denied. He thereafter pled guilty and was sentenced to one [1] to five [5] years imprisonment and his license was suspended for life.

The Fifth Amendment to the United States Constitution and Article 1 § 14 of the Indiana Constitution prohibit the imposition of multiple punishments for the same offense.

■ As was stated in *Beck v. State*, (1978) Ind., 382 N.E.2d 164, 165–166:

"For purposes of the double jeopardy clause of the Fifth Amendment, a lesser included offense requires no proof beyond that which is required for conviction of the greater offense, and the greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it."

The offense of driving while license suspended or revoked is clearly a lesser included offense of the offense of operating a motor vehicle after having been adjudged an habitual traffic offender. *Gilbert v. State*, (1977) Ind.App., 369 N.E.2d 650.

■ Thus, Helton having been convicted of the lesser included offense could not thereafter be convicted of the greater offense. The conviction of the offense of IC 9–4–13–14 is in violation of Helton's constitutional rights and must be set aside.

Judgment reversed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

1. IC 9 4 13 14 provided:

"Any person found to be an habitual traffic offender under the provisions of this chapter, and who thereafter operates a motor vehicle in this state while the order of the court prohibiting such operation remains in effect, shall upon conviction be imprisoned for a period of not less than one (1) year nor more than five (5) years. The court in its discretion may suspend up to one hundred eighty (180) days of the sentence. In addition, a conviction for this felony shall work a forfeiture of the privilege of operating a motor vehicle in this state for the life of the person so convicted: Provided, however, That in cases wherein the prohibited operation of a motor vehicle by an habitual traffic offender is necessitated in situations of extreme emergency in order to save life, limb, or property, the penalty or forfeiture, or any part thereof, may be suspended."

2. IC 9–4–5- 1 (Burns Ind. Code) (repealed by Act 1978 P.L. 2 § 970) provided:

"Any person who drives a motor vehicle on any public highway of this state at a time when his current driving license is impounded or suspended shall be guilty of a misdemeanor and upon conviction shall be punished by imprisonment of not less than two [2] days nor more than six [6] months and there may be imposed in addition thereto a fine of not more than five hundred dollars [$500]."