STATE of Indiana, Appellant
(Plaintiff Below),

v.

Virldeen REDMON, Appellee
(Defendant Below).

No. 1-379A67.

Court of Appeals of Indiana,
First District.

March 5, 1981.

Rehearing Denied April 15, 1981.

Linley E. Pearson, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

Harriette Bailey Conn, Public Defender, W. Brent Gill, Sp. Asst. Public Defender, for appellee.

ROBERTSON, Judge.

This case involves a question of whether a subsequent proceeding as an habitual traffic offender after a prior conviction constitutes a violation of the double jeopardy clause of the Fifth Amendment. Virdleen Redmon (Redmon) entered a plea of guilty on March 22, 1978, to driving while intoxicated and driving while license suspended or revoked in Rushville City Court, in exchange for the State dropping charges for driving with false or fictitious registration and operating a vehicle left of center. Redmon had previously been adjudged an habitual traffic offender by the Madison Circuit Court on July 9, 1975. At the time of the plea arrangement, the prosecutor was not aware that Redmon was an habitu-

al traffic offender. The Madison Circuit Court order was still in effect at the time of the plea.

The State instituted proceedings for operation of a motor vehicle by an habitual traffic offender. *Ind.Code* 9–4–13–14. Redmon filed a motion to dismiss alleging that a subsequent prosecution constituted double jeopardy. The Rush Circuit Court agreed with Redmon and dismissed the proceedings and the State appealed to this court. Initially, we ruled that the subsequent prosecution did not constitute double jeopardy. Transfer was granted by the supreme court, 396 N.E.2d 117, who reversed and remanded the case back to this court because Redmon did not have the assistance of counsel at a critical stage in the proceedings. This action is now before us again. We reverse and remand.

■ The leading case of the law of double jeopardy in Indiana is *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893, where Indiana adopted the test enunciated by the Supreme Court in *Blockburger v. United States*, (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The Court established the following test:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

There is no doubt that one act or series of acts can constitute more than one offense. Our supreme court stated in *Elmore v. State*, 269 Ind. at 539, 382 N.E.2d 893:

> The focus of a proper double jeopardy analysis must be on whether or not the offenses to be prosecuted and punished are the same, and not whether the offenses spring from the same act or operative circumstances. The inquiry into whether the offenses stem from the same act is merely the first step in the analysis. If the offenses are premised upon different acts, the problem is not so great. But where they do arise from the same act,

we must proceed to determine whether the offenses charged are themselves the same, for the Double Jeopardy Clause was written in terms of the "same offence," not the same act. In other words, the fact that the offenses stem from the same act merely informs us that there is potential problem; it is not a solution to the problem. The ultimate focus is on the identity of the offenses, not on the identity of their source.

It is therefore necessary to examine each of the offenses and the underlying statutes to determine if a subsequent prosecution subjects Redmon to double jeopardy.

Redmon has been convicted of driving while his license was suspended or revoked, *Ind.Code* 9–1–4–52. This section provides:

> (a) A person shall not operate a motor vehicle upon the public highways while his license or permit is suspended, impounded, or revoked.

The State has also sought to bring charges against him for operating a motor vehicle by an habitual traffic offender, IC 9–4–13–14. This section provides:

> A person found to be an habitual traffic offender who operates a motor vehicle while the order of the court prohibiting operation remains in effect commits a class D felony. In addition, a conviction of this felony shall work a forfeiture of the privilege of operating a motor vehicle for the life of the person so convicted. However, in cases wherein the prohibited operation of a motor vehicle by an habitual traffic offender is necessitated in situations of extreme emergency in order to save life, limb, or property, the forfeiture, or any part thereof, may be suspended.

■ The focus of analysis in double jeopardy cases must be on the offense and not the act itself. *Elmore v. State, supra.* Redmon argues that these two offenses contain the same elements of proof, and therefore, the conviction of a lesser offense precludes a subsequent prosecution of the greater offense. Redmon has relied upon a recent decision, *Helton v. State*, (1980) Ind. App., 412 N.E.2d 874, for authority.

 We cannot accept Redmon's argument or agree with the conclusion reached in *Helton,* because the State has different elements of proof in the two offenses. In order to sustain a conviction of driving while license suspended or revoked, the State must prove that the person has driven a motor vehicle on the public highways and that this person's license or permit is suspended or revoked. To convict Redmon of the habitual traffic offender offense, the State must prove that Redmon has been adjudged an habitual traffic offender, that the court order adjudging him as an habitual offender is still in effect, and that he operated a motor vehicle on public highways or private property commonly used by the motoring public in this state. There is a subtle but critical distinction in the elements of proof to sustain convictions of these offenses. The lesser offense differs from the greater offense in that it requires proof that the driver's license or permit has been suspended or revoked. The greater offense requires proof that there is a valid court order adjudging the accused as an habitual traffic offender. Since the State has to prove different elements in these two offenses, there is no violation of Redmon's constitutional rights.

We believe this conclusion is supported by statute. *Ind.Code* 9–4–13–15, establishes an affirmative duty upon the court to turn these cases over to the prosecutor for further action. This section provides:

> For the purposes of enforcing the provisions of this chapter, in any case in which the defendant is charged with, and found guilty of operating a motor vehicle while his license to do so is suspended or revoked, or is charged with, and found guilty of driving without a license, the court, after hearing such charge, shall ascertain whether the defendant has been adjudged an habitual traffic offender and by reason of that judgment is prohibited from operating a motor vehicle in this state. If the court determines that the defendant has been so adjudged and that judgment remains in effect, the court shall certify the case to the appropriate prosecuting attorney for further proceedings.

The legislature has provided the authority for the courts to act when facing a situation similar to Redmon's. We believe that IC 9–4–13–15 was intended to be a meaningful provision of Indiana law. To accept Redmon's argument, we would be mandated to ignore that section and we would have to disregard the different elements of proof in the two offenses.

The judgment is therefore reversed and the cause remanded for further proceedings consistent with this opinion.

NEAL, P. J., and RATLIFF, J., concur.