STATE of Indiana, Appellant,

v.

Virldeen REDMON, Appellee.

No. 981S246.

Supreme Court of Indiana.

Sept. 11, 1981.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

Harriette Bailey Conn, Public Defender, W. Brent Gill, Sp. Asst. Public Defender, Indianapolis, for appellee.

DeBRULER, Justice.

Appellee Redmon (defendant below) was charged with operation of a motor vehicle by an habitual traffic offender pursuant to Ind. Code § 9–4–13–14. The trial court dismissed the charge before trial on double jeopardy grounds and the State appealed. The First District Court of Appeals reversed the trial court and remanded the cause for reinstatement. *State v. Redmon*, (1979) Ind.App., 390 N.E.2d 1044. Appellee's *pro se* petition to transfer to this Court was subsequently granted on the grounds that he had not received the aid of counsel in defending the appeal and the opinion of the Court of Appeals was vacated. *State v. Redmon*, (1979) Ind., 396 N.E.2d 117. On remand appellee was represented by the Public Defender and upon reconsideration the Court of Appeals again reversed the trial court. *State v. Redmon*, (1981) Ind. App., 417 N.E.2d 346. We now grant transfer and the opinion of the Court of Appeals is vacated.

On July 9, 1975, appellee Redmon was adjudicated to be an habitual traffic offender in the Circuit Court of Madison County and the court ordered his driving privileges suspended for a period of ten years.

On March 22, 1978, Redmon entered pleas of guilty in the Rushville City Court, Rush County, to criminal charges of driving on December 11, 1976, while intoxicated and with license suspended.

Two months later, on May 26, 1978, the State instituted a new criminal prosecution in the Rush Circuit Court for driving on December 11, 1976, while an habitual traffic offender.

On a defense motion the circuit court dismissed the case for the reason that to put him to trial on the new criminal charge of driving while an habitual offender following his conviction for driving with license suspended would be contrary to the guarantee of the Fifth Amendment to the United States Constitution and Art. I, § 14, of the Indiana Constitution that no person be subject for the same offense to be twice put in jeopardy of life or limb.

The State contends that the two offenses considered by the trial court are not the same for constitutional purposes. This issue is to be resolved by determining whether each criminal statute requires proof of an additional fact which the other does not. *Blockburger v. United States*, (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893.

The statute pursuant to which Redmon was convicted of driving while his license was suspended or revoked is Ind. Code § 9–1–4–52, and it states:

"(a) A person shall not operate a motor vehicle upon the public highways while his license or permit is suspended, impounded, or revoked."

The statute upon which the State brought the new charge against Redmon for operating a motor vehicle by an habitual traffic offender is Ind. Code § 9–4–13–14, and it provides:

"A person found to be an habitual traffic offender who operates a motor vehicle while the order of the court prohibiting operation remains in effect commits a Class D Felony."

The State contends that the former statute requires proof that a driver's license or permit has been suspended while the latter statute requires no such proof. Appellee responds that the offense established by the former statute is a lesser and included offense of the one created by the latter statute, and is therefore the same for jeopardy purposes. Two of our Courts of Appeal have considered the relationship between these two statutes and have reached the same conclusion as appellee. *Gilbert v. State*, (1978) Ind., 369 N.E.2d 650; *Helton v. State*, (1980) Ind., 412 N.E.2d 874. See *Brown v. Ohio*, (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Elmore v. State, supra.*

The two offenses are alike, in that they both proscribe operation of a vehicle during a period set in an individualized adjudication and order that specifically prohibits such conduct. In the new and subsequent charge against Redmon based upon Ind. Code § 9–4–13–14, it is alleged as follows:

"That on July 9, 1975, in the Circuit Court of Madison County, State of Indiana, Virldeen Redmon was adjudicated to be an habitual traffic offender under Cause Number 74–613 and his driving privileges were suspended for a period of ten (10) years."

The order of July 9, 1975, referred to in the charge was made pursuant to the following provisions of Ind. Code § 9–4–13–10:

"At the time and place designated in the order, the court shall hold a hearing upon the show cause order. If the court finds that the defendant is not the person named in the abstracts, or that he is not an habitual traffic offender, the proceeding shall be dismissed. If the court finds that the defendant is the same person named in the abstracts and that the defendant is an habitual traffic offender, the court shall so find and adjudge the defendant an habitual traffic offender,

and shall by appropriate order direct the person so adjudged to surrender to the court his license to operate a motor vehicle, and by further order direct the person so adjudged not to operate a motor vehicle on the streets and highways of this state for a period of ten (10) years, unless in a case of a certification because of violations described in section 3(a)(3) [9–4–13–3(a)(3)] of this chapter, defendant establishes by a preponderance of the evidence, and the court specially finds that the defendant operates a motor vehicle for commercial or business purposes. . . ."

Proof that an "order of the court prohibiting operation remains in effect" as required by Ind. Code § 9–4–13–14, the criminal statute, necessarily includes proof of such order's composite parts, rendered essential by Ind. Code § 9–4–13–10, above, namely, (1) that the accused was adjudged an habitual traffic offender, and (2) that he was ordered to surrender to the court his license to operate a motor vehicle, and (3) that he was ordered not to operate a motor vehicle on the streets and highways of this state for a period of ten (10) years. Proof of such an order is required and constitutes proof that a driver's license has been suspended, impounded, or revoked. The State's contention that the habitual traffic offender does not require proof that a driver's license or permit has been suspended or revoked, therefore is incorrect. Both statutes require proof of a viable revocation or suspension.

The Court of Appeals in *Gilbert v. State,* supra, concluded that the only element differentiating these two offenses is that in the one, an adjudication as an habitual traffic offender must be shown. We agree. The one is therefore a lesser and included offense within the other, and the two are therefore the same for double jeopardy purposes. To put appellant to trial upon the new charge of driving after having been declared an habitual offender could be to place him twice in jeopardy for the same offense, contrary to both the federal and state constitutions.

The State finally contends that Ind. Code § 9–4–13–15 establishes a duty of the courts and prosecutors to subject criminal defendants in the circumstances of appellee Redmon to such second prosecutions. We agree that it supports the State's actions in this case. However, this statute does not relieve the court of its duty to enforce the protections of the constitutions against being twice placed by the State in jeopardy for the same offense, upon application of the requisite tests, when a claim is made therefor. This statute does not enter into the application of the *Blockburger* test.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.