**Manzell McDONALD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 25S00–8610–CR–926.

Supreme Court of Indiana.

Aug. 27, 1987.

Alan D. Burke, Rochester, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Manzell McDonald, was convicted by a Fulton County jury of Count I, criminal confinement, a class B felony; Count II, attempted battery with a deadly weapon, a class C felony; and Count IV, resisting law enforcement, a class D felony. The trial court found Count II was consumed by Count I, and sentenced Appellant to sixteen (16) years on Count I, and four (4) years on Count IV. In this direct appeal, Appellant raises the following issues:

1) insufficient evidence to support the criminal confinement conviction;

2) insufficient evidence to support the attempted battery conviction;

3) the confinement and attempted battery convictions are contradictory and inconsistent; and

4) error of the trial court in refusing to allow Appellant's brother to testify.

The facts related at trial are as follows. On August 14, 1985, Appellant was visiting at the home of his father, Joe McDonald. An argument broke out between Appellant and McDonald and the police were called.

Officer Paul Rayl was the first to arrive at the scene. McDonald told Rayl that Appellant was in the house with a knife. Rayl entered the house and found Appellant hiding in a closet. Rayl convinced Appellant to come out of the closet and the two continued to talk as they moved into the living room. Rayl was then informed by Sheriff McLochlin that there was an arrest warrant outstanding on Appellant relating to a review of his probation. At this moment, Appellant fled out the back door and into a nearby woods.

Later that day, the police were informed Appellant was hiding at an abandoned trailer home which had been his residence. Officer Rayl entered the trailer through a broken window because the doors were wired shut from the inside. Rayl found Appellant under a bed and asked him to come out. Appellant did not respond. Rayl then tried to open one of the trailer doors from the inside so other officers could assist him in arresting Appellant. Appellant jumped up and ran toward one of the broken windows. He was carrying a knife in his right hand. Rayl grabbed Appellant from behind when he tried to climb through the window.

The two struggled for a moment, and then fell backwards onto the floor. Appellant maneuvered himself so that he was on top of Rayl. Rayl was pinned on his back with Appellant sitting on Rayl's chest. Appellant still had the knife in his hand and was waiving it over Rayl. Appellant then jumped up and fled through the window where he was apprehended by other officers.

## I & II

First, Appellant challenges the sufficiency of the evidence supporting his convictions for criminal confinement and attempted battery.

When sufficiency of the evidence supporting a criminal conviction is challenged on appeal, we have a very narrow scope of review. We neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look at the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could have reasonably inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 747; *McMurry v. State* (1984), Ind., 467 N.E.2d 1202, 1204.

▪ To support a conviction for criminal confinement as a class B felony, the State must prove Appellant knowingly or intentionally confined Officer Rayl without his consent and while armed with a deadly weapon. Ind. Code § 35–42–3–3 (Burns 1986). "Confine" means to substantially interfere with the liberty of a person. Ind. Code § 35–42–3–1 (Burns 1985).

Appellant argues he did not intend to confine Rayl, but rather, any "confinement" of Rayl occurred incidental to the struggle between the two. In other words, Appellant claims his intent was to escape, not to confine. Appellant also argues that while he was in possession of the knife at the time of the struggle, he did not use the knife for the purpose of confining Rayl.

Officer Rayl's testimony was as follows. He could not get a very good grip on Appellant when he grabbed him. The next thing he knew, the two were falling backwards. In the snap of a finger, Appellant moved so that he was on top of Rayl, sitting on his chest. Appellant was waving the knife in front of Rayl's face. When Appellant relaxed a bit, Rayl tried to grab the knife. Appellant always kept the knife just out of Rayl's reach. At this time, Rayl was concentrating only on the knife. He was pinned to the ground and could not move or reach his service revolver. He

knew Appellant was much stronger than he was and realized Appellant had the advantage over him. Appellant, on the other hand, was not concentrating on Rayl, but was looking out the trailer windows checking to see where the other police officers were stationed. When Appellant saw an opening, he jumped up and fled out one of the windows. The entire incident happened in a matter of seconds.

In this case, it is clear the confinement occurred while Appellant was attempting to escape. Even though Appellant's intent was to escape, he confined Rayl in the process of effectuating the escape. By sitting on Rayl's chest, pinning him to the floor, and waiving a knife over his face, Appellant substantially interfered with Rayl's liberty. Appellant's possession of a knife added to the interference inherent in this sort of situation. We find there was sufficient evidence presented from which the jury could reasonably conclude Appellant confined Officer Rayl.

▪ To support a conviction of attempted battery with a deadly weapon, a class C felony, the State must prove Appellant took a substantial step towards knowingly or intentionally touching Officer Rayl in a rude, insolent or angry manner by means of a deadly weapon. Ind.Code § 35–41–5–1 (Burns 1985); Ind.Code § 35–42–2–1 (Burns 1986).

Appellant argues that even though he sat on Rayl's chest and waved a knife over him, he at no time made any stabbing motions with the knife or in any way attempted to injure Rayl. Thus, he claims he did not take a substantial step toward committing battery. We disagree.

Officer Rayl testified Appellant waved the knife over his face. Rayl attempted to grab the knife but was unable to reach it because Appellant continued to move his arm away. Clearly Appellant was in a position to commit the battery and was capable of doing so had it not been for Rayl's attempts to grab the knife. We do not think the jury had to find Appellant brought the knife down toward Rayl in a stabbing motion in order for them to find

attempted battery. Apparently the jury felt Appellant could have committed the battery but for Officer Rayl's attempts to defend himself by grabbing at the knife. Since this was a factual dispute, the jury was entitled to give any interpretation they felt to the facts presented. We are not at liberty to reevaluate the facts or second-guess the jury's determination if it is a reasonable one. We conclude there was sufficient evidence from which the jury could reasonably conclude Appellant committed attempted battery by means of a deadly weapon.

### III

■ Next, Appellant argues his convictions for criminal confinement and attempted battery are contradictory and inconsistent. While it is unclear from Appellant's brief, we read his argument to be that his conviction on both counts constitutes double punishment in violation of the Fifth Amendment of the United States Constitution. We disagree with this proposition.

In *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893, we held that where the same act or transaction violates two distinct criminal statutes, there are separate and independent offenses only when each crime requires proof of an element which the other does not. *Id.* at 534, 382 N.E.2d at 895. Here, the two crimes in question, criminal confinement and attempted battery, require proof of entirely different elements. Criminal confinement requires proof of a substantial interference with a person's liberty. The interference does not have to be accomplished by touching or attempting to touch the person. Confinement can be accomplished by fraud, enticement, force, or threat of force. Ind. Code § 35–42–3–3(a)(2). Attempted battery, on the other hand, requires proof of a substantial step towards a "touching" of some sort. Since these two crimes require proof of different elements, we do not find them contradictory or inconsistent, nor do we find Appellant's convictions for these two crimes in violation of the Double Jeopardy Clause. Furthermore, the trial court found that the attempted battery conviction was consumed by the criminal confinement conviction, and Appellant was sentenced only on the criminal confinement conviction. We find no error here.

### IV

Finally, Appellant claims the trial court erred by refusing to allow Appellant's brother, Joe McDonald, Jr., to testify. The defense wanted to call McDonald as a rebuttal witness to refute the testimony of Sheriff McLochlin concerning Appellant's state of intoxication on the night of this incident. The trial court refused to allow McDonald to testify because he was not listed as a witness on the defense witness list, and because McDonald violated the separation order by remaining in the court room during much of the testimony. Had McDonald been allowed to testify he would have stated that Sheriff McLochlin told him Appellant was "sloppy drunk" when he was arrested. McLochlin testified at trial that in his opinion, Appellant was not intoxicated when arrested. Appellant's defense was that he was too intoxicated to form an intent to commit the crimes charged here.

■ The trial court is granted wide discretion in determining whether to allow testimony from witnesses not listed on the pre-trial discovery witness list. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Murray v. State* (1982), Ind., 442 N.E.2d 1012. The normal remedy for failure to disclose a witness is the granting of a continuance. *Morgan v. State* (1982), Ind., 440 N.E.2d 1087, 1089; *Allen v. State* (1982), Ind., 439 N.E.2d 615, 618.

■ Here, the witness was not listed as a potential witness, and was also present in the court room in violation of a separation order. He was present when the witness he was to refute was testifying. Given this, we do not feel the trial court abused its discretion in preventing McDonald from testifying.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.