Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 03 2013, 8:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JERRY T. DROOK**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS C. BURGHER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1210-CR-825 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause No. 27D02-1206-FB-136

**May 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Dennis Burgher ("Burgher") was convicted of Class D felony criminal confinement in Grant Superior Court. He appeals his conviction and argues that the State presented insufficient evidence to prove that he substantially interfered with the victim's liberty.

We affirm.

**Facts and Procedural History**

On June 14, 2012, Burgher and Jayme Jones ("Jayme"), who were romantically involved, were staying at Burgher's mother's home in Griffith, Indiana. However, Jayme left the residence that day at the request of Burgher's mother and left behind her medication and clothing.

The next day, Burgher's cousin drove him to Linda Pearce's home in Swayzee, Indiana, where Jayme was staying to return her clothing and medication to her. When Burgher arrived at the residence, he did not immediately deliver Jayme's personal items to her, but confronted Jayme about a voicemail Jayme had received from another man.

Burgher then struck Jayme, which caused her to fall into a closet located near the home's front door. Burgher got on top of Jayme and continued to hit her. Jayme could not get away from Burgher and saw that he had a knife. Jayme was able to wrestle the knife away from him and threw it further into the closet.

Jayme's friend, Pearce, called 911 after she heard Jayme screaming and saw Burgher hitting her. Jayme eventually broke free of Burgher and tried to run through the front door when Burgher grabbed Jayme from behind by her hair and pulled her back into

2

the closet. Burgher then fled the house. However, Burgher was quickly apprehended by the responding police officers.

On June 18, 2012, Burgher was charged with Class B felony criminal confinement, Class C felony intimidation, Class D felony residential entry, Class D felony misdemeanor battery resulting in bodily injury, and Class A misdemeanor battery resulting in bodily injury. Approximately two months later, a jury trial was held and Burgher was ultimately found guilty only of Class D felony criminal confinement and Class A misdemeanor battery resulting in bodily injury. The jury returned not guilty verdicts on the remaining charges. A sentencing hearing was held on September 17, 2012, and the trial court ordered Burgher to serve an aggregate three-year sentence in the Department of Correction. Burgher now appeals his criminal confinement conviction.

**Discussion and Decision**

Burgher argues that the evidence is insufficient to support his Class D felony criminal confinement conviction. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

3

To prove that Burgher committed Class D felony criminal confinement, the State was required to establish that he knowingly or intentionally confined Jayme without her consent. See Ind. Code § 35-42-3-3. To confine means "to substantially interfere with the liberty of a person." Ind. Code § 35-42-3-1. Burgher argues that he did not "substantially interfere" with Jayme's liberty.

The defendant in Hardley v. State, 893 N.E.2d 1140 (Ind. Ct. App. 2008), summarily aff'd by 905 N.E.2d 399 (Ind. 2009), raised the same argument. In that case, Hardley became upset because the victim took a cigarette out of his backpack. Hardley slapped the victim causing her to fall onto a mattress. He then beat her and restrained her by pinning her down on the mattress. Yet, the victim was able to reach her phone, knock it off the hook, and dial 911. Our court concluded that Hardley substantially interfered with the victim's liberty even though she was able to reach the telephone because Hardley was holding her down and she could not get off the mattress. In so holding, our court observed, "[w]e are unaware of any authority holding that complete incapacitation is required in order to establish a substantial interference with liberty, and decline [to] impose such a requirement today." Id. at 1144.

In this case, Burgher hit Jayme causing her to fall into the closet. Jayme testified that Burgher "got on top of" her and kept hitting her. Tr. p. 275. Jayme tried to get out of the closet and screamed at Burgher to get off of her. When asked whether Burgher was on top of her "in such a way that" she could not get away from him, Jayme responded, "[y]eah . . . I couldn't get out . . . I couldn't even turn." Tr. p. 277. After Jayme managed to wrestle the knife away from Burgher, she got away from him and ran

4

towards the front door. But Burgher grabbed her hair from behind and pulled her back into the closet. Two other eyewitnesses testified that Burgher was on top of Jayme while she lay on the floor of the closet. Tr. pp. 376, 389-90.

The encounter between Jayme and Burgher was brief, but the confinement statute has no minimum time element. See, e.g., McDonald v. State, 511 N.E.2d 1066, 1068 (Ind. 1987) (affirming a conviction for confinement where the defendant pinned the victim to the ground and the "entire incident happened in a matter of seconds"). The State proved that Burgher substantially interfered with Jayme's liberty when he knocked her down to the floor of the closet, "got on top of" her, and would not allow her to remove herself from the closet. For these reasons, we affirm Burgher's Class D felony criminal confinement conviction.

Affirmed.

BAKER, J., and MAY, J., concur.