Anthony MARTAKIS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–283A57.

Court of Appeals of Indiana, Third District.

June 23, 1983.
Rehearing Denied Aug. 3, 1983.

James V. Tsoutsouris, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Anthony Martakis was charged with burglary of a dwelling and with theft of some of the items in the dwelling. After he pled guilty to the theft charge, Martakis filed a motion to dismiss the burglary charge. The trial court denied the motion to dismiss and Martakis brings this interlocutory appeal pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(6), contending that separate prosecutions for separate offenses which arise from the same act constitutes double jeopardy.

Affirmed.[1]

█ Martakis contends that IC 1982, 35–34–1–10(c) (Burns Code Supp.) (section 10(c)), requires joinder of his burglary charge and his theft charge in one prosecution. Section 10(c) reads as follows:

"(c) A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. *The motion to dismiss* shall be made prior to the second trial, and *shall be granted if the*

*prosecution is barred by reason of the former prosecution.*"

*Id.* (emphasis added). This section means that if Martakis's burglary conviction is barred because of his prior theft prosecution, then the trial court should have granted his motion to dismiss. *Burke, supra* at 862. IC 1982, 35–41–4–4(a) (Burns Code Supp.) (section 4(a)) delineates what bars a subsequent prosecution.

█ Section 4(a) does not trigger section 10(c) to bar Martakis's burglary prosecution because it was not necessary to join the burglary charge with the theft charge. Section 4(a) reads as follows:

"35–41–4–4. Prosecution barred for different offense.—(a) A prosecution is barred if all of the following exist:

"(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

"(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3[35–41–4–3] of this chapter.

"(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution." (Brackets original.)

█ Since Martakis meets the joinder requirements in section 4(a)(1) and (2), he requests that we examine the language, "should have been charged . . .", in section 4(a)(3). He asserts that this language requires joinder when double jeopardy would otherwise result. If Martakis is correct that his prosecution for burglary would subject him to double jeopardy, then section 4 would trigger the applicability of section 10(c) to bar the burglary prosecution. However, Martakis's burglary prosecution will not subject him to double jeopardy.

The double jeopardy clause embodies three prohibitions:

"(a) a rule which bars a reprosecution for the same offense after acquittal; (2) a

[1] Martakis also requested that we interpret IC 1982, 35–34–1–9(a) (Burns Code Supp.) (section 9(a)) as a requirement to join his two offenses. Although section 9(a) permits joinder, it does not require joinder. *State v. Burke* (1983), Ind.App., 443 N.E.2d 859, 862.

rule barring reprosecution for the same offense after conviction, and; (3) a rule barring multiple punishment for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711 [89 S.Ct. 2072, 23 L.Ed.2d 656] . . . ." *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893, 894. The test to determine whether one of these prohibitions has been violated, resulting in double jeopardy, is the *Blockburger* "identity of offense" or "same evidence" test:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . ."

*Blockburger v. United States* (1931), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; *Elmore, supra* 382 N.E.2d at 896–97. In *Elmore, supra* 382 N.E.2d at 897, the Indiana Supreme Court relied on the *Blockburger* test to hold that even in cases where the offenses arose from the same act, double jeopardy does not result unless the offenses are the same. The Court then applied the *Blockburger* test to the offenses of burglary and theft and determined that these offenses were different and should not be merged into one offense. *Id.* 382 N.E.2d at 897–98. Therefore, Martakis can be prosecuted for both offenses.

■ Martakis asserts that even though he can be convicted of both offenses which arose from the same act, he can not be convicted of both in different prosecutions. We disagree. Double jeopardy prohibits *reprosecution* for the *same offense* after acquittal or conviction. *Pearce, supra; Elmore, supra.* Because burglary is not the same offense as theft and because the Indiana Supreme Court chose not to focus on whether the offenses arose from the same act but rather on the sameness of the offense, Martakis's contention fails. *Elmore, supra.* Therefore, he can be prosecuted for burglary in a separate prosecution without being subjected to double jeopardy.

Since double jeopardy will not result from Martakis's burglary prosecution, we can not say, pursuant to section 4(a)(3), that the burglary charge "should have been charged" in his theft prosecution. Accordingly, Martakis's burglary prosecution is not barred by his theft prosecution as required by section 10(c).

Because double jeopardy will not result, Martakis can be prosecuted for burglary in a prosecution separate from his theft prosecution. Therefore, the trial court properly denied Martakis's motion to dismiss.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.