**Gary T. SEAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–8801–CR–61.

Supreme Court of Indiana.

March 7, 1990.

Rehearing Denied May 9, 1990.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was tried to a jury and found guilty of two counts of dealing in a Schedule II controlled substance, I.C. 35–48–4–2, a class B felony. On Count I, appellant was sentenced to fifteen years, and that sentence was enhanced by thirty years after the jury found appellant to be a habitual offender. On Count II, appellant was sentenced to fifteen years. The trial court ordered that the sentences be served consecutively, resulting in an executed sentence of sixty years. In this direct appeal, appellant asserts two claims of error. He claims that he was denied his right to counsel under the Sixth and Fourteenth Amendments of the federal Constitution and under Article One, § 13 of the Indiana Constitution. He also claims that the State wrongfully delayed bringing the charges at issue here, which could have been joined with similar charges on which he had been tried earlier in the year, in order to obtain

successive habitual offender sentence enhancements.

The evidence produced at trial which tended to support the determination of guilt showed that on two separate occasions, August 14, 1986, and September 2, 1986, appellant met with a confidential informant and an undercover policeman and made two sales of Dilaudid, a controlled substance. Both the informant and the policeman testified to the transactions at appellant's trial.

■ Appellant's first claim on appeal is that he was denied his right to counsel in contravention of the Sixth and Fourteenth Amendments of the United States Constitution and Article One, § 13 of the Indiana Constitution. The trial court appointed a total of three public defenders to represent appellant. The first moved to withdraw because of a conflict of interest arising from a prior representation of appellant, and the second moved to withdraw because of a conflict of interest arising from his former position as the prosecuting attorney on a case in which appellant was previously involved. Barry Standley, the third public defender appointed to represent appellant, likewise ultimately moved to withdraw based on a conflict of interest. Standley had briefly represented appellant on a charge in 1982, and appellant had been sufficiently dissatisfied with his performance as to refuse to consult or cooperate in the preparation of his defense on the instant charge and to tell Standley and third parties that he intended to physically assault Standley.

■ At a hearing on Standley's motion to withdraw, the trial court advised appellant that should the motion be granted, a fourth public defender would not be appointed and he would have to proceed pro se. Prior to trial, the court offered to reappoint Standley, who stood prepared to proceed on appellant's behalf, if appellant had changed his mind about wanting counsel, and the court advised appellant of the hazards of pro se representation. Appellant reiterated that a conflict of interest existed between the two men and indicated that Standley was unacceptable to him.

One accused of a crime does have a constitutional right to be represented by counsel, but not necessarily to be represented by counsel of his own choosing. The recourse open to a defendant who has rejected court-appointed counsel is to retain his own counsel or to proceed pro se. *Jackson v. State* (1985), Ind., 483 N.E.2d 1374, 1377. Appellant was not denied his right to counsel.

Appellant moved for dismissal of all of the instant charges, asserting that the State brought successive prosecutions of charges that should have been joined and tried in one action. His second claim on appeal is that the State wrongfully brought these successive prosecutions in order to obtain multiple, consecutive habitual offender determinations and that the denial of his motion to dismiss was error.

During the late summer and early fall of 1986, appellant made four separate sales of controlled substances to a police informant and an undercover policeman. Cause No. 5658 came to trial in February of 1987, charging appellant with two counts of dealing in a controlled substance based on sales made on July 14, 1986, and August 4, 1986, and seeking a habitual offender sentence enhancement. Appellant was convicted on both counts and was found to be a habitual offender. He received an executed sentence of fifty years, twenty years on each count, those sentences to run concurrently, and a thirty-year sentence enhancement of one of the sentences based on the habitual offender determination. While the jury was deliberating on Cause No. 5658, the State filed the charges underlying this appeal, which were based on the August 14 and September 2 sales. The State again sought a habitual offender determination and based its allegation on the identical underlying felonies which had supported the habitual offender determination in Cause No. 5658. The instant cause, No. 5938, was tried in August of 1987 and, as previously noted, resulted in two consecutive sentences, one of which was enhanced on the habitual offender determination, for an executed sentence of sixty years. The trial court presiding over this cause ordered that its sentence be served consecu-

tively to the sentence imposed by the trial court which presided over Cause No. 5658.

■ Appellant first argues that by filing and prosecuting the four charges in two successive actions, the State deprived him of his statutory right to joinder of offenses and that, therefore, all of the instant charges should have been dismissed. This argument is without merit. I.C. 35–34–1–9, which governs joinder of offenses, states, "Two [2] or more offenses *may* be joined in the same indictment or information...." Prosecutors are given the initial discretion to charge separate offenses in a single or multiple informations or indictments, and that decision may be informed by a multitude of factors. At a pretrial hearing, the prosecutor here testified that the decision to bring separate prosecutions and the timing of the filing of charges was designed, among other things, to avoid jeopardizing simultaneous drug investigations then being conducted by two separate agencies. The State was not required to join all four charges in one prosecution.

I.C. 35–34–1–10, which governs joinder of related offenses for trial, states in section (a) that when a defendant has been charged such that the offenses could be joined in one indictment under I.C. 35–34–1–9, "the court, upon motion of the defendant, *may* order that the indictments or informations be joined for trial." Again, this permissive language undercuts appellant's claim to entitlement to joinder under its provisions.

■ Appellant argues that had the State not delayed in filing the instant charges, the trial court would have had a mandatory duty to join these offenses with those tried in Cause No. 5658 under I.C. 35–34–1–10(b), which requires the court, on the motion of any party or on the court's own motion, to join charges for trial where the defendant has been charged in two or more indictments with offenses related so as to constitute a common scheme or plan. Appellant asserts that the four sales for which he was arrested constituted a common scheme or plan to deal drugs. Even accepting that proposition as true, the statute does not apply to appellant's situation because the trial court is in a position to consider the propriety of joining for trial only those indictments that are filed and pending at the time the motion is made. The instant charges were filed after those in Cause No. 5658 were being deliberated and were therefore not available for the court to consider for joinder. Although it is, of course, to this very delay in filing that appellant takes exception, the joinder statutes which he cites do not go so far as to require that the State make simultaneous filings of all related charges. Those statutes operate only on those charges which have been filed prior to the commencement of the first trial and which are, at that juncture, amenable to the court's assessment as to whether the conduct in each separately charged offense constitutes part of a common plan which should be tried together.

■ Finally, appellant claims that I.C. 35–34–1–10(c) and I.C. 35–41–4–4 barred the instant prosecution. I.C. 35–34–1–10(c) provides:

A defendant who has been tried for one [1] offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section [35–34–1–9] of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

I.C. 35–41–4–4 provides:

*Prosecution barred for different offense.*

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant....

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Appellant's circumstances clearly meet the preliminary provisions of both sections, and the remaining substantive question of when a former prosecution bars subsequent prosecution on related charges under these sections has been addressed by both this Court and the Court of Appeals.

· In *Webb v. State* (1983), Ind., 453 N.E.2d 180, *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1449, 79 L.Ed.2d 767, a man was killed during a burglary of his home, and Webb was tried for and acquitted of knowingly murdering this man. Subsequent to that acquittal, Webb was charged with the felony murder of the man's wife, who was killed during the course of the same burglary. This Court found that Webb was not entitled to have the second indictment dismissed for failure to join the felony murder charge arising from the death of the wife with the murder charge arising from the death of the husband even though both occurred during the same burglary. We found that the doctrine of collateral estoppel did not act to bar the second prosecution, thus negating the applicability of 35–34–1–10(c). Likewise here, issues presented in the instant case were not collaterally estopped by the resolution of the issues in Cause No. 5658, and I.C. 35–34–1–10(c) did not bar the second prosecution.

In *State v. Burke* (1983), Ind.App., 443 N.E.2d 859, a minor was stopped by a policeman, who observed several cans of beer, marijuana, and phencyclidine in the car. The defendant was charged with and pleaded guilty to possession of alcohol. He was subsequently charged with possession of marijuana and possession of a controlled substance. The defendant moved for dismissal, arguing that I.C. 35–41–4–4(a)(3) barred prosecution on the possession charges because the State did not bring all the charges it had against him in one proceeding. He argued that the "should have been charged" language of I.C. 35–41–4–4(a)(3) must be interpreted to apply to all offenses committed in the same relative time frame or as part of the same general criminal episode in order to give meaning to the Indiana's double jeopardy statute, which bars successive prosecutions for the same offense. In support of his position,

he cited case law from other jurisdictions which holds that successive prosecutions for offenses arising from the same criminal transaction or series of events violate the prohibition against double jeopardy.

The Court of Appeals rejected this interpretation, finding that Indiana has rejected the "same transaction" approach to assessing double jeopardy violations, *id.* at 861 (citing *Washington v. State* (1981), Ind., 422 N.E.2d 1218; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893), and that therefore there was no constitutional requirement that the offenses be joined for trial. The Court further found that there was no statutory requirement that the offenses be joined for trial because the joinder statute, I.C. 35–34–1–9, employs permissive, rather than mandatory, language. *Id.* at 861–62. *See also Martakis v. State* (1983), Ind.App., 450 N.E.2d 128. Likewise here, 35–41–4–4(a)(3) erected no barrier to the State's pursuit of its charges against appellant in two actions.

Neither 35–34–1–10(c) nor 35–41–4–4(a)(3) has been interpreted to automatically bar successive prosecutions for separate offenses which are committed at the same time or during the same general criminal episode. Neither can it be interpreted to bar successive prosecutions for separate offenses arising from temporally distinct criminal episodes. Here, as in *Burke* and *Webb*, the State was not obligated to pursue all charges against appellant in a unified action, and the trial court did not err in denying his motion to dismiss.

 Appellant's next contention is that, by filing and prosecuting successive indictments, the State wrongfully obtained multiple, consecutive habitual offender sentence enhancements which it would have been barred from seeking otherwise. We agree. In *Starks v. State* (1988), Ind., 523 N.E.2d 735, this Court discussed the rationales which underlie and the policies which distinguish the power to give consecutive sentences and the power to enhance sentences based on a finding of habitual offender status:

[S]entencing courts [are statutorily granted] the power to order consecutive sentences in their discretion. The [statutory] provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the constitution. The sentence enhanced under the habitual offender statute is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence tha[n] does the determination of multiple criminal acts. Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.

[The relevant] statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none.

*Id.* at 736–37. The reasoning in *Starks* applies with equal force in situations where the State could join charges for related offenses under I.C. 35–34–1–9, but, for strategic reasons, exercises its prosecutorial discretion to pursue the charges in successive actions. We hold that the State is barred from seeking multiple, pyramiding habitual offender sentence enhancements by bringing successive prosecutions for charges which could have been consolidated for trial. The charges at issue here clearly could have been joined and tried with those in Cause No. 5658, and the State would have been barred by *Starks* from seeking consecutive sentence enhancements had all charges been tried together. Therefore, we find that the thirty-year sentence enhancement on Count I of appellant's sentence must be vacated.

■ We also find that the trial court acted beyond the scope of its authority in ordering its sentence to be served consecutively to that imposed by the trial court in Cause No. 5658. We have previously stated that the language of I.C. 35–50–1–2(a), which delineates the extent of a trial court's authority to order consecutive sentences, is restrictive:

> The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order them to be served consecutive to one another. Section (a) does no more than this.

*Kendrick v. State* (1988), Ind., 529 N.E.2d 1311, 1312. The trial court was fully authorized to order its sentence in Count II to be served consecutively to its sentence in Count I since these were contemporaneously before the court. However, the sentence appellant had previously received from another court in another cause was not a proper subject for this court's consideration in determining the propriety of consecutive sentences, and the court acted beyond the scope of its authority when it ordered the commencement of the instant sentence to be postponed until the completion of the sentence imposed in Cause No. 5658. The court's sentencing order is vacated to the extent that it orders appellant to serve the sentences imposed in Cause Nos. 5658 and 5938 consecutively.

Appellant's conviction is affirmed. This cause is remanded to the trial court with the order that the habitual offender sentence enhancement on Count I be vacated. The court is further ordered to vacate that part of its sentencing order which calls for this sentence to be served consecutively to the sentence imposed in Cause No. 5658.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with separate opinion.

PIVARNIK, J., not participating.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in that it holds the habitual offender statute may not be applied to both convictions of appellant.

The majority opinion reads into Ind.Code § 35–50–2–8 a restriction which I do not perceive to be present. The mere fact that both felonies could have been joined in a single prosecution, but were not, does not justify the ruling of the majority. The majority correctly holds that it was entirely proper for the State to prosecute those crimes separately. Although both crimes involved dealing in controlled substances, they in fact were separate and unrelated felonies under the intent and purpose of Ind.Code § 35–50–2–8.

The majority cites as their authority, *Starks v. State* (1988), Ind., 523 N.E.2d 735. Justice Pivarnik and I dissented in that case with the statement that in our belief the majority "invades the province of the legislature and adds a restriction to the statute by judicial fiat." *Id.* at 737. I adhere to my dissent in that case. I do not think it is proper for this Court in effect to amend a statute by narrowing its operation where there is no language in the statute to justify such a restriction.

I would affirm the trial court's decision in its entirety.