**Doyle G. MOORE, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A04–9710–CR–417.**

Court of Appeals of Indiana.

July 20, 1998.

Jon L. Orlosky, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Doyle Moore appeals his convictions for robbery, as a Class A felony, and felony murder. The facts as found by this Court in *State v. Moore*, 666 N.E.2d 109, 110 (Ind.Ct.App.1996), *trans. denied,* are as follows:

On the evening of January 28, 1993, Moore, Dewayne McCowan, and [Martze]

Powell were at a party at Ziggy Robinson's house. At some point, McCowan, Powell and Robinson decided to rob someone in order to get rent money. The evidence conflicts as to whether Moore was involved in the discussion to rob someone. Later in the evening, McCowan, Powell, Robinson and Moore left the party and drove around. Robinson decided he did not want to be involved and was taken home. At this point, Moore was driving the car. After taking Robinson home, Moore drove to a Village Pantry. At the Village Pantry, McCowan and Powell saw a pizza delivery person getting into his car and told Moore to follow him. There is evidence that Moore complied because McCowan threatened him with a gun. Moore followed the delivery man to an apartment complex. When the delivery man returned to his car after delivering the pizza, McCowan and Powell, both pointing guns, approached him and took his money. The evidence conflicts as to whether Moore also approached the delivery man with a gun. After the delivery man turned over his money, Powell shot him. Moore, McCowan and Powell then fled the scene.

Moore was originally charged with conspiracy to commit robbery, resulting in serious bodily injury, and robbery, resulting in serious bodily injury. The jury acquitted Moore of the conspiracy charge and failed to reach a verdict on the charge of robbery. Thereafter, Moore moved to dismiss the robbery charge, arguing that double jeopardy prohibitions prevented retrial. The trial court granted the motion, and the State appealed. This Court reversed, holding that a second prosecution of the robbery charge would not violate double jeopardy principles.

On February 20, 1997, after the conclusion of Moore's first trial and the subsequent appeal, the State filed an Information charging Moore with the additional offense of felony murder. Moore filed his motion to dismiss the murder count. However, the motion was denied. On March 17, 1997, Moore's second trial commenced.

At the conclusion of the trial, Moore was found guilty of robbery, resulting in bodily injury, and felony murder. The trial court ruled that the robbery conviction merged with the murder conviction. A sentencing hearing was held July 3, 1997, at the conclusion of which Moore received a 40–year term of imprisonment.

On appeal, Moore raises several issues, which we restate as follows:

(1) whether the trial court erred when it denied Moore's motion to dismiss the felony murder count;

(2) whether the trial court erred in allowing the State to introduce the prior recorded testimony of two witnesses;

(3) whether the trial court erred in denying Moore's tendered Instructions Nos. 4 and 5; and

(4) whether the trial court erred in restricting defense counsel's closing argument.

Moore first argues that the trial court erred when it denied his motion to dismiss the felony murder charge the State filed prior to his second trial. According to Moore, his right to joinder of offenses was violated because the felony murder charge could have been joined in the first trial.

■ First we note that Moore's subsequent prosecution for felony murder is not barred by double jeopardy principles. A review of the elements of the robbery charges with which Moore was charged in the original prosecution clearly demonstrates that each crime contains an element that is not contained in the felony murder offense. Thus, for double jeopardy purposes, the offenses are not the same. *Games v. State,* 684 N.E.2d 466 (Ind.1997), *modified on reh'ing,* 690 N.E.2d 211 (Ind.1997).

The question Moore's first issue presents is whether the State's subsequent prosecution of Moore for felony murder was barred since the charge was not joined in the original prosecution.

IND. CODE § 35–41–4–4 (1993 Ed.) provides that:

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or

for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

(b) A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began.

Indiana's joinder statute, IND. CODE § 35–34–1–9(a) (1993 Ed.), provides that:

Two (2) or more offenses can be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

IND. CODE § 35–34–1–10 (1993 Ed.) governs the joinder of related offenses for trial. The statute states, in relevant part, that when a defendant has been charged such that the offenses could be joined in one indictment under IND. CODE § 35–34–1–9, "the court, upon motion of the defendant, may order that the indictments or informations be joined for trial." IND. CODE § 35–34–1–10.

However, Moore's argument, that he is entitled to joinder, fails to recognize the permissive language of IND. CODE § 35–34–1–10 which undercuts his claim. *See Seay v. State*, 550 N.E.2d 1284, 1287 (Ind.1990). As our supreme court noted in *Seay*, the joinder statutes do not go so far as to require the State to make simultaneous filings of all related charges. *Id.*

■ Moreover, the joinder statutes only apply to those charges which have been filed prior to the commencement of the first trial "and which are, at that juncture, amenable to the court's assessment as to whether the

conduct in each separately charged offense constitutes part of a common plan which should be tried together." *Id.* Here, the felony murder charge was filed after the robbery charges were adjudicated in the first trial and was, therefore, not available for the trial court to consider for joinder. Moore is not entitled to discharge from the felony murder prosecution under the joinder statutes.

Notwithstanding the non-applicability of the joinder statutes to the instant case, it must still be determined whether IND. CODE § 35–41–4–4 bars the subsequent prosecution. Moore's circumstances clearly meet the preliminary provisions found in (a)(1) and (a)(2) of the statute. The remaining question is the interpretation of the statute's third requirement, that is: whether the subsequent prosecution for felony murder is one "with which [Moore] *should* have been charged in the former prosecution." IND. CODE § 35–41–4–4(a)(3) (emphasis added).

In *State v. Burke*, 443 N.E.2d 859 (Ind.Ct. App.1983), this Court determined that if the trial court orders joinder, pursuant to IND. CODE § 35–34–1–10(a), and the State elects to dismiss one of the offenses ordered joined, then IND. CODE § 35–41–4–4 would operate to bar a subsequent attempt to reprosecute for that offense. *Id.* at 862. However, that situation has not occurred in this case.

■ IND. CODE § 35–41–4–4(a)(3) has not been interpreted to automatically bar successive prosecutions for separate offenses which are committed at the same time or during the same general criminal episode. *Seay*, 550 N.E.2d at 1288. Here, the State was not obligated to pursue all charges against Moore in a unified action. Because there was no requirement compelling the State to charge Moore in one information with the offenses he committed on January 28, 1993, we find that he was not entitled to be discharged from the felony murder prosecution by virtue of IND. CODE § 35–41–4–4. The trial court did not err in refusing to dismiss the charge.

Moore next argues that the trial court erred in allowing testimony from the first trial to be introduced at Moore's second trial.

At the second trial, both Martze Powell and Dewayne McCowan were called to testify against Moore. However, both refused to testify and were held in contempt of court. Thereafter, the State sought to introduce the witnesses' respective testimonies from the first trial. Moore objected to the reading of the transcripts claiming that the admission of the testimony would deny him his constitutional right to confrontation.[1]

■ The admission of former testimony of an unavailable witness is a matter committed to the discretion of the trial court. *Lowery v. State,* 478 N.E.2d 1214, 1223 (Ind. 1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). Evidence consisting of a now unavailable witness' recorded testimony, given at a prior judicial proceeding and where the adverse party had a chance to cross-examine the now unavailable witness, is admissible as evidence in the subsequent proceeding. *Id.* It is well-settled that prior recorded testimony is an exception to the hearsay rule. *Id.* The admission of prior testimony of an unavailable witness does not violate the confrontation clause. *Id.*

■ In the instant case, both transcripts read to the jury were of a prior proceeding involving the same issues and parties as in the subsequent proceeding. In that prior proceeding, both Powell and McCowan were subjected to full cross-examination. Both Powell and McCowan's refusals to testify in the second proceeding rendered them unavailable witnesses. The trial court did not err in admitting the two witnesses' former testimony.

Moore next asserts that the trial court erred in denying his tendered final instructions. Moore's argument is two-fold. First, Moore maintains that the trial court erred in refusing to give his final Instruction No. 4 which defined the phrase "acting in concert." Final Instruction No. 4 in its entirety reads:

> [A]n accomplice who acts in concert with another who actually committed the direct acts which constitute the elements of the crime is equally as liable as the principal

for all acts which are a natural and probable consequence of the plan. [*Tynes v. State,* 650 N.E.2d 685, 687 (Ind.1995) ] *[A] person acts in concert with another when he takes action that has been planned, arranged, adjusted, agreed, and settled between parties acting together pursuant to some design or scheme. Black's Law Dictionary.*

(Emphasis added.) The trial court determined that the emphasized portion of the instruction was an incorrect statement of the law.

■ To review the denial of tendered final instructions, we employ a three-part test. The tendered instruction must correctly state the law; it must be supported by evidence; and it must not be covered by other instructions. *Pavey v. State,* 498 N.E.2d 1195, 1195–96 (Ind.1986). The latter part of Moore's instruction is an incorrect statement of the law.

■ IND. CODE § 35–41–2–4 (1993 Ed.) provides that "[a] person who knowingly or intentionally aides, induces, or causes another person to commit an offense commits that offense...." We have interpreted this accomplice liability statute to hold "an accomplice ... criminally liable for the acts done by his confederates which were a probable and natural consequence of their common plan, even though the acts may not have been originally intended as part of their plan." *Johnson v. State,* 490 N.E.2d 333, 334 (Ind.1986). It is not necessary for the State to show that a defendant was a party to a preconceived scheme; it must merely demonstrate concerted action or participation in an illegal act. *Bigbee v. State,* 173 Ind.App. 462, 471, 364 N.E.2d 149, 155 (1977), *trans. denied.*

■ Tendered instructions which contain an incorrect statement of the law are properly refused. *Nichols v. State,* 542 N.E.2d 572, 575 (Ind.Ct.App.1989). Therefore, the trial court did not err in refusing Moore's tendered Instruction No. 4.

---

**1.** Both the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana State Constitution guarantee a defendant's right to confrontation and cross-examination.

Moore also argues that the trial court erred in refusing his tendered Instruction No. 5 which reads: "[T]he State must prove that the conduct by the defendant was voluntary in order for you to find the defendant criminally liable for aiding in murder." Moore claims that his instruction was necessary because the evidence of record clearly established that Moore's actions were compelled rather than voluntary.

In *Sanders v. State*, 466 N.E.2d 424 (Ind. 1984), our supreme court compared the voluntary conduct statute and the statutes pertaining to defenses involving a lack of criminal culpability. The court determined that an involuntariness defense is not available when the only excuse for committing a crime is that the defendant was forced to do so at gunpoint. *Id.* at 427–28.

During his trial, Moore testified that he was forced at gunpoint to participate in the crime. In support of his defense, Moore essentially argued that the night of the incident, he acted under duress, not involuntarily. Based upon the defense strategy presented, the trial court determined that Moore's tendered instruction was misleading because it confused the concepts of voluntary conduct and the defense of duress.

The trial court was correct in determining that Moore's defense was that of duress and not involuntary conduct. The trial court was also correct in stating that the defense of duress did not apply in this case, as the defense of duress does not apply to offenses against persons. *See* IND. CODE § 35–41–3–8 (1993 Ed.).[2] The trial court did not err in refusing Moore's tendered Instruction No. 5.

Moore next argues that the trial court erred in limiting his defense counsel's final argument. Before closing arguments, the trial court instructed Moore's defense counsel that he would not be permitted to argue to the jury that it should interpret the phrase "acting in concert" based upon the definition in Black's Law Dictionary. However, we have already determined that Black's definition of the phrase, as it pertains to accomplice liability, is an incorrect statement of the law. Therefore, the trial court did not err in restricting defense counsel's argument.

Affirmed.

DARDEN and NAJAM, JJ., concur.

---

2. IND. CODE § 35–41–3–8 provides, in relevant part, that "[i]t is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or another person.... This section does not apply to a person who: ... committed an offense against the person as defined in IND. CODE § 35–42."