**Robert RICHARDSON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–0303–PC–195.

Court of Appeals of Indiana.

Dec. 19, 2003.

Transfer Denied Feb. 25, 2004.

⚭641.13(1)

Susan K. Carpenter, Public Defender of Indiana, Tracy A. Nelson, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Robert Richardson appeals the post-conviction court's denial of his petition for post-conviction relief. Richardson raises four issues, which we consolidate and restate as:

I. Whether Richardson knowingly, intelligently, and voluntarily entered his guilty plea; and

II. Whether Richardson received ineffective assistance of trial counsel.[1]

We affirm.

---

1. Richardson further argues that the post-conviction's court findings of fact that his own testimony was the only supporting evidence that the forgery conviction and robbery charge were related was incorrect. This issue is more appropriately addressed in the successive prosecution argument of Issue I, whether Richardson knowingly, intelligently, and voluntarily entered his guilty plea. Richardson also argues that the post-conviction court's conclusion of law that trial counsel was not ineffective was incorrect. This issue is more appropriately addressed in Issue II, whether Richardson received the effective assistance of trial counsel.

The relevant facts follow. On March 16, 1978, the Link Belt Credit Union in Marion County, Indiana was robbed. Men took money and blank credit union checks at gunpoint from Martha Watts, a Link Belt Credit Union employee. On March 27, 1978, Richardson was arrested for forgery when he attempted to cash one of the checks stolen from the Link Belt Credit Union at another bank.[2]

On May 5, 1978, Richardson was arrested in Kentucky on unrelated controlled substances and stolen property charges. On May 23, 1978, while Richardson was in jail in Kentucky, a hold was placed on him regarding the Link Belt Credit Union robbery. On November 2, 1978, while Richardson was being held in the Marion County Jail on another charge, a line-up for the robbery case occurred. Richard did not have counsel present during the line-up, although a legal intern from the Public Defender's office was present during the proceeding. Watts, the employee victim from the credit union, identified Richardson in the line-up as the man who robbed her at gunpoint.

On December 12, 1978, the State charged Richardson with robbery, a class A felony.[3] On April 18, 1979, Richardson filed a motion to suppress Watts's identification of him at the line-up as the man who robbed the Link Belt Credit Union. At the hearing on the motion to suppress, Richardson's counsel, Merle Rose, presented evidence that Richardson did not have counsel present during the line-up. Rose argued that Watts's identification of Richardson, after she had undergone hypnosis twice, should have been suppressed because the line-up was conducted without Richardson being represented by counsel. Marion County Sheriff's Detective Baker

also testified at the suppression hearing that Richardson was being held at the Marion County Jail at the time of the line-up on a theft charge. The trial court denied the motion to suppress.

On June 6, 1979, Richardson pleaded guilty to the lesser offense of robbery as a class C felony with an agreed-upon sentence of five years to be served concurrently with his forgery sentence. At the guilty plea and sentencing hearing, Richardson was fully informed of his rights. Richardson acknowledged the factual basis for the offense and stated that he was pleading guilty voluntarily and that he was satisfied with his counsel's representation. Richardson acknowledged his understanding that he was waiving his rights by pleading guilty.

In 1992, Richardson filed a pro-se petition for post-conviction relief and requested and received representation. In 1999, Richardson by counsel filed an amended petition for post-conviction relief. The amended petition for post-conviction relief alleged the following: (1) Richardson was deprived of counsel at the line-up; (2) Richardson's guilty plea was not knowingly and voluntarily made because prosecution of the charge would have been barred as a successive prosecution; and (3) Richardson received ineffective assistance of trial counsel.

The post-conviction court held evidentiary hearings where Richardson testified that when he was in the Marion County Jail, he was being held on a forgery charge and that the forgery charge was related to the robbery charge because he was using the stolen checks from Watts. Richardson further testified that he did not commit the robbery and would not have pleaded guilty

---

2. Ind.Code § 35-43-5-2 (1977). Richardson was convicted and sentenced to four years on the forgery conviction on March 27, 1979.

3. Ind.Code § 35-42-5-1 (1977).

"[h]ad the State been barred from prosecuting this robbery charge." PCR Transcript at 28.

The post-conviction court denied Richardson's petition for post-conviction relief concluding that: (1) Richardson was not entitled to relief on his claim that he was deprived his right to counsel at the identification line-up; (2) the forgery and robbery charges were not related; and (3) Richardson received effective assistance of counsel.

 Before discussing Richardson's allegations of error, we note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. Post-conviction procedures do not afford petitioners an opportunity for a "super appeal." *Matheney v. State*, 688 N.E.2d 883, 890 (Ind.1997), *reh'g denied, cert. denied*, 525 U.S. 1148, 119 S.Ct. 1046, 143 L.Ed.2d 53 (1999). Rather, they create a narrow remedy for subsequent collateral challenges to convictions. *Id.* Those collateral challenges must be based upon grounds enumerated in the post-conviction rules. *Id.; see also* Ind. Post Conviction Rule 1(1). Petitioners bear the burden of establishing their grounds for relief by a preponderance of the evidence. *Matheney*, 688 N.E.2d at 890; *see also* P–C.R. 1(5). When petitioners appeal from a denial of post-conviction relief, they appeal a negative judgment. *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998), *reh'g denied, cert. denied*, 528 U.S. 1083, 120 S.Ct. 806, 145 L.Ed.2d 679 (2000). Therefore, on appeal, a petitioner must show that the evidence, when taken as a whole, "leads unerringly and unmistakably to a conclusion opposite to that reached by the [post-conviction] court." *Matheney*, 688 N.E.2d at 890–891. We will disturb the post-conviction court's decision only if the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. *Emerson v. State*, 695 N.E.2d 912, 915 (Ind.1998), *reh'g denied.*

## I.

 The first issue is whether Richardson knowingly, intelligently, and voluntarily entered his guilty plea. A post-conviction petitioner must be allowed to withdraw his previous guilty plea whenever the withdrawal "is necessary to correct manifest injustice" that occurred because "the plea was not knowingly and voluntarily made." *Lineberry v. State*, 747 N.E.2d 1151, 1156 (Ind.Ct.App.2001). A trial court should not accept a plea of guilty unless it has determined that the plea is voluntary. *Id.;* Ind.Code § 35–35–1–3. Before accepting a guilty plea, a trial court judge is required to take steps to insure that a defendant's plea is voluntary. See Ind.Code §§ 35–35–1–2; 35–35–1–3. Generally speaking, if a trial court undertakes these steps, a post-conviction petitioner will have a difficult time overturning his guilty plea on collateral attack. *State v. Moore*, 678 N.E.2d 1258, 1265 (Ind.1997), *reh'g denied.*

 Richardson argues that his guilty plea was not entered into knowingly, intelligently, or voluntarily because he did not know that the prosecution of the robbery charge was barred by his previous conviction of a related charge, i.e. his forgery conviction.[4] The State maintains that the

---

4. Richardson further contends that his guilty plea was involuntarily entered because he would not have pleaded guilty if Watts's identification had been suppressed due to his alleged deprivation of counsel at the line-up. This claim, however, is waived because it was not presented to the post-conviction court. The record shows that Richardson raised the issue of deprivation of counsel at the line-up as a freestanding claim and in the context of

prosecution of the robbery charge was not barred by Richardson's prior forgery conviction because the two events were sufficiently separated by time and place that joinder of the charges was not required and subsequent prosecution was permissible. The post-conviction court found that Richardson knowingly, intelligently, and voluntarily plead guilty. Specifically, the trial court found "that Richardson's guilty plea hearing involved detailed questioning by the trial court, and the trial court offered [Richardson] the right to stop the hearing, but [Richardson] never testified that he did not understand or that he needed time to consult with his counsel. The trial court questioned [Richardson] about the [plea] agreement, [his] constitutional rights, and [his] waiver of those rights. The trial court also questioned [Richardson] about any threats or promises and whether he was entering into the plea agreement of his own free will. Each one of [Richardson's] responses supported the trial court's conclusion that Richardson knowingly, intelligently, and voluntarily [pleaded] guilty." Appellant's Appendix at 197. We agree.

Ind.Code § 35–41–4–4(a) (1998) provides:

A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based upon different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termi-

nation under section 3 [IC 35–41–4–3] of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Richardson's circumstances satisfy the first two statutory provisions of Ind.Code § 35–41–4–4(a). Richardson was convicted in a former prosecution for forgery as a result of his arrest on March 27, 1978. Thus, the outcome of this case centers on whether the instant prosecution is for an offense with which Richardson should have been charged in the previous prosecution.

 The words "should have been charged" must be read in conjunction with Indiana's joinder statute. *Williams v. State*, 762 N.E.2d 1216, 1219 (Ind.2002) (citing *Sharp v. State*, 569 N.E.2d 962, 967 (Ind.Ct.App.1991)). The joinder statute, in relevant part, provides:

A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

Ind.Code § 35–34–1–10(c) (1998). Ind. Code § 35–34–1–9 (1998) in relevant part, provides: "(a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count when the offenses ... (2) are based on the same conduct or on a series of acts connected together or consti-

---

his ineffective assistance of counsel claim, but he did not argue that his guilty plea was involuntarily entered as a result of the deprivation of counsel at the line-up. *See, e.g., Koons v. State*, 771 N.E.2d 685, 691 (Ind.Ct. App.2002), (holding that issues not raised in

the petition for post-conviction relief may not be raised for the first time on the post-conviction appeal; the failure to raise an argument in the petition waives the right to raise the argument on appeal), *trans. denied.*

tuting parts of a single scheme or plan ...." Thus, our legislature has provided that, where two or more charges are based on the same conduct or on a series of acts constituting parts of single scheme or plan, they should be joined for trial. *Williams,* 762 N.E.2d at 1219 (citing *State v. Wiggins,* 661 N.E.2d 878, 880 (Ind.Ct.App. 1996)). This statutory scheme "provid[es] a check upon the otherwise unlimited power of the State to pursue successive prosecutions." *Wiggins,* 661 N.E.2d at 880. Consequently, the State brings multiple prosecutions for a series of acts constituting parts of single criminal transaction at its own peril.

The successive prosecution statute was interpreted by our supreme court in *Seay v. State,* 550 N.E.2d 1284 (Ind.1990). There, the defendant made four separate sales of controlled substances to a police informant and an undercover police officer in the late summer and fall of 1986. *Id.* at 1286. The defendant was tried and convicted of dealing in a controlled substance for sales made on July 14, 1986, and August 4, 1986. *Id.* While the jury was deliberating, the State filed additional charges based on the sales made August 14, 1986, and September 2, 1986. *Id.* Seay argued that the subsequent prosecution was barred by Ind.Code § 35–34–1–10(c) and Ind.Code § 35–41–4–4. *Id.* at 1287. Our supreme court held that these four events were sufficiently separated by time and place that joinder was not required and subsequent prosecutions were thus permissible. *Id.* at 1288.

■ Here, Richardson maintains that the robbery and forgery offenses should have been joined together because the offenses were connected and part of the same plan. To determine whether contemporaneous crimes are part of a single scheme or plan, we examine whether the crimes are connected by a distinctive na-

ture, have a common modus operandi, and a common motive. *Henderson v. State,* 647 N.E.2d 7, 10 (Ind.Ct.App.1995). In this case, subsequent prosecution was permissible and joinder of the charges was not required because the robbery and the forgery were sufficiently separated by time and place. The record reveals that the robbery of the Link Belt Credit Union occurred on March 16, 1978. The forgery occurred eleven days later, on March 27, 1978, at a different bank. The fact that the property stolen from the first crime was used in the commission of the subsequent crime does not make the robbery and the forgery offenses part of a single scheme or plan that must be tried together. The earlier prosecution for the forgery offense did not bar the subsequent prosecution for the robbery offense because the offenses were sufficiently separated by time and place. Thus, the robbery prosecution was properly pursued and Richardson's successive prosecution claim fails. *See, e.g., Seay,* 550 N.E.2d at 1286–1287 (holding that four drug sales were sufficiently separated by time and place that joinder was not required and subsequent prosecutions were permissible). Because Richardson's successive prosecution claim fails, his claim that he did not knowingly, intelligently, and voluntarily entered his guilty plea also fails. Accordingly, the post-conviction court properly concluded that Richardson's plea was entered knowingly, intelligently, and voluntarily. *See, e.g., Hinkle,* 605 N.E.2d at 203.

## II.

The second issue is whether Richardson received ineffective assistance of trial counsel. Here, Richardson claims that his trial counsel: (1) "failed to move to dismiss the [r]obbery charge based upon it being barred from prosecution;" and (2) "failed to properly argue that [Richardson] was entitled to counsel at the line-up and that

the lack of counsel required the suppression of [Watts's] identification of him." Appellant's Brief at 20. Ineffective assistance of counsel claims are governed by the two-part test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied. See also Perez v. State,* 748 N.E.2d 853, 854 (Ind.2001). According to this test, Richardson must first establish that his trial counsel's performance was deficient. *Id.* To demonstrate deficient performance, Richardson must show that his trial counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of Richardson's Sixth Amendment right to counsel. *Id.* Second, Richardson must demonstrate that the deficient performance prejudiced his defense. *Id.* In order to establish prejudice, Richardson must show that there is a reasonable probability that, but for his trial counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State,* 755 N.E.2d 1070, 1072 (Ind.2001). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. *Clark v. State,* 668 N.E.2d 1206, 1211 (Ind. 1996), *reh'g denied, cert. denied,* 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). As a result, most ineffective assistance claims can be resolved by a prejudice inquiry alone. *Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999), *reh'g denied,*

*cert. denied,* 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). Moreover, if a petitioner is convicted pursuant to a guilty plea, and later claims that his counsel rendered ineffective assistance because counsel overlooked or impaired a defense, the petitioner must show that a defense was indeed overlooked or impaired and that the defense would have likely changed the outcome of the proceeding. *Segura v. State,* 749 N.E.2d 496, 499 (Ind.2001).

First, Richardson argues that he received ineffective assistance of trial counsel because his trial counsel, Merle Rose, failed to file a motion to dismiss the robbery charge. Specifically, Richardson maintains that he suffered prejudice because he pleaded guilty to a charge that the State would not have been able to prosecute because it was barred by his related forgery conviction. Conversely, the State argues that Richardson received effective assistance of trial counsel because Richardson failed to show that the forgery charge and robbery charged were related. The State further maintains that Richardson received effective assistance of counsel from Rose because a petitioner who pleads guilty cannot prevail by only showing that he would not have plead guilty if counsel had performed differently. In other words, the State claims that Richardson was required to show a reasonable probability that he would not have been convicted if he had gone to trial.

As determined above, the forgery charge and the robbery charge were sufficiently separated by time and place. *See supra* Part I. The charges were not so connected that they constituted parts of a single scheme or plan. Therefore, the State properly prosecuted the charges separately. Because the charges were properly prosecuted separately, Richardson has failed to show that he was prejudiced by Rose's failure to file a motion to dismiss.

As such, Rose was not ineffective for failing to file a motion to dismiss the robbery charge.

Richardson also argues that he received ineffective assistance from Rose because Rose failed to properly argue that Richardson was entitled to counsel at the line-up. Specifically, Richardson asserts that he had a right to counsel at the line-up under Article I, section 13 of the Indiana Constitution. This claim, however, is waived on appeal because Richardson did not advance a state constitutional claim in his petition for post-conviction relief. *See, e.g., Livermore v. State,* 777 N.E.2d 1154, 1159 (Ind.Ct.App.2002) (holding that a defendant cannot argue one ground at trial and raise a new ground on appeal). The record reveals that although Richardson's petition for post-conviction relief contains a summary assertion that the deprivation of counsel at a critical stage violated his rights under Article 1, section 13 of the Indiana Constitution in addition to his rights under the Sixth and Fourteenth Amendments of the United States Constitution, Richardson failed to provide a separate analysis under the state constitution. Richardson's failure to cite any authority or to make any separate argument specific to the state constitutional provision waives the state constitutional argument on appeal. *See, e.g., Ackerman v. State,* 774 N.E.2d 970, 978 n. 10 (Ind.Ct.App.2002), *reh'g denied, trans. denied.*

For the foregoing reasons, we affirm the post-conviction court's denial of Richardson's petition for post-conviction relief.

Affirmed.

BROOK, C.J. and BAKER, J. concur.