ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Tracy A. Nelson
Deputy Public Defender
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Thomas D. Perkins
Deputy Attorney General
Indianapolis, Indiana

In the

Indiana Supreme Court

FILED
Jun 16 2009, 1:49 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 02S03-0904-PC-181

JOHN D. FARRIS,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

Appeal from the Allen Superior Court, No. 02D04-0301-PC-1
The Honorable Frances C. Gull, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-0805-PC-245

**June 16, 2009**

**Sullivan, Justice.**

Breaston v. State, – N.E.2d –, No. 20S04-0810-CR-561, slip op. (Ind. June 16, 2009), holds that consecutive habitual offender enhancements are improper where the enhancements arise from separate trials on unrelated charges. This case presents a somewhat easier question than Breaston: whether consecutive habitual offender enhancements are improper where the enhancements arise from separate trials on related charges. Precedent dictates that they are. Be-

cause John Farris's counsel did not object to the imposition of consecutive habitual offender enhancements and Farris's sentence was improperly enhanced by 30 years, we find that Farris received ineffective assistance of counsel and is entitled to post-conviction relief.

**Background**

In June, 1997, John Farris and Richard Foreman committed a robbery. In August, 1997, the State charged Farris with Class B felony robbery and alleged that he was a habitual offender. Foreman cooperated with police and agreed to testify against Farris at the robbery trial. In January, 1998, Farris instructed Danny Littlepage to kill Foreman because he cooperated with police. Shortly thereafter, Littlepage went to the Foreman home and shot four people, one of whom died. (Foreman was not home at the time of the shootings.) In March, 1999, police arrested Farris following a traffic stop. The State charged Farris with murder, three counts of Class B felony aggravated battery, and also alleged Farris to be a habitual offender.

Farris went to trial for the robbery charge in April, 1999, and was convicted of Class B felony robbery and found to be a habitual offender. The trial court sentenced Farris to fifteen years for the robbery conviction, and enhanced the sentence by 30 years based on the habitual offender finding, for an executed sentence of 45 years. Farris's trial for murder and aggravated battery began in January, 2000, but ended in a mistrial. Farris was retried and convicted of all charges, and found to be a habitual offender. The trial court sentenced Farris to 65 years for the murder conviction, enhanced by 30 years for the habitual offender finding, 20 years on each of the three aggravated battery convictions, and imposed all of these terms consecutively for an executed sentence of 155 years. The trial court then ordered the total executed sentence in the second proceeding to be served consecutive to that of the first, for a total executed sentence of 200 years.

Farris's conviction and sentence for robbery were affirmed on appeal, Farris v. State, 732 N.E.2d 230 (Ind. Ct. App. 2000), as were his conviction and sentence for murder and aggravated battery, Farris v. State, 753 N.E.2d 641 (Ind. 2001). Farris petitioned for post-conviction relief, claiming ineffective assistance of counsel, but the post-conviction court denied his petition. On

review, the Court of Appeals affirmed the post-conviction court. <u>Farris v. State</u>, No. 02A03-0805-PC-245, slip. op., 899 N.E.2d 755 (Ind. Ct. App. Dec. 10, 2008) (table). Judge Darden dissented in part. Farris now appeals the denial of that petition.[1]

Farris sought, and we granted, transfer. App. R. 58(A)(2).

## Discussion

Farris contends that he received ineffective assistance of counsel when his trial counsel failed to oppose the imposition of the habitual offender enhancement in the second proceeding consecutive to the habitual offender enhancement in the first proceeding. To establish ineffective assistance of counsel, Farris must show that: (1) counsel performed deficiently; and (2) the deficiency resulted in prejudice. <u>See</u> <u>Lee v. State</u>, 892 N.E.2d 1231, 1233 (Ind. 2008) (<u>citing</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). To show prejudice, the petitioner must show that but for the counsel's errors, the outcome of the trial would have been different. <u>Reed v. State</u>, 856 N.E.2d 1189, 1195 (Ind. 2006).

The post-conviction court concluded that trial counsel was not ineffective for failing to oppose the imposition of the habitual offender enhancement in the second proceeding consecutive to that in the first. Today, in <u>Breaston</u>, we were faced with a situation in which consecutive habitual offender enhancements had been imposed in cases where the enhancements stem from separate trials on unrelated charges. We looked to precedent, namely our opinion in <u>Starks v. State</u>, 523 N.E.2d 735, 737 (Ind. 1988), and that of the Court of Appeals in <u>Smith v. State</u>, 774 N.E.2d 1021, 1024 (Ind. Ct. App. 2002), <u>trans. denied</u>, in holding that a trial court is precluded from ordering habitual offender sentences to run consecutively following unrelated criminal trials.

---

[1] Specifically, Farris contends that (1) trial counsel was ineffective for failing to use existing precedent to have the subsequently brought charges dismissed; and (2) trial counsel was ineffective for failing to move for dismissal of the habitual offender count when precedent prohibited the State from seeking a consecutive habitual offender enhancement. We summarily affirm the decision of the Court of Appeals as to all issues not addressed in this opinion. Ind. Appellate Rule 58(A)(2).

Farris's claim is similar to the one in Breaston except that here, the question is not whether consecutive habitual offender enhancements following unrelated criminal trials are improper, but whether such consecutive enhancements are improper following separate trials for charges that could have been consolidated. Once again, we find controlling precedent.

In Seay v. State, the State pursued successive prosecutions for related offenses that could have been consolidated for trial. 550 N.E.2d 1284, 1289 (Ind. 1990). Specifically, the State filed and prosecuted four charges for sales of controlled substances in two successive actions. Id. at 1286-87. Based on the reasoning in Starks (the case we rely on in Breaston), Seay held that "the State is barred from seeking multiple, pyramiding habitual offender sentence enhancements by bringing successive prosecutions for charges which could have been consolidated for trial." Id. at 1289.

Here, the post-conviction court ruled that Seay is only applicable where the State purposely delayed filing charges for the improper purpose of seeking multiple enhancements, but Seay contains no such limitation. Although the Court of Appeals did not rely on the post-conviction court's reasoning, it too, misapplied Seay. It deemed Seay distinguishable from the present case and held that Farris had not shown that trial counsel was ineffective. Farris, slip op. at 11. We find no analysis or case law to support this distinction.

In this case, it is not disputed that the robbery charge and the murder and battery charges were based on a "series of acts connected together." See Ind. Code § 35-34-1-9(a)(2). After Farris had already been convicted on the robbery charge, found to be a habitual offender, and had his sentence enhanced by 30 years based on the habitual offender status, trial counsel appeared on the murder charges. The trial court ordered consecutive habitual offender enhancements for charges that could have been consolidated for trial when it ordered the habitual offender enhancement in the murder and aggravated battery conviction to be served consecutively to the enhancement in the robbery conviction.

Seay was decided in 1990. By the time Farris committed these offenses in 1997 and 1998, and at the time of Farris's appeal, the question of whether a trial court could impose con-

secutive habitual offender sentences for charges that could have been consolidated for trial had been answered. Pursuant to the holding in <u>Seay</u>, it was "incumbent upon Farris' counsel to move to dismiss the habitual offender allegation filed with the murder and battery charges." <u>Farris</u>, slip. op. at 13 (Darden, J., dissenting). Counsel was guilty of deficient performance for not doing so, or at least opposing in some way the imposition of the second habitual offender enhancement consecutive to the first.

We find that Farris was prejudiced by counsel's failure to raise the issue of consecutive habitual offender sentences. Had counsel opposed the imposition of the second habitual offender enhancement consecutive to the first, <u>Seay</u> would have required the motion to be granted. Consequently, the result of the proceeding for the murder and battery charges "would have been different," <u>Reed</u>, 856 N.E.2d at 1195; Farris would not have been ordered to serve an additional 30-year habitual offender enhancement for the murder charge. Farris has established ineffective assistance of counsel with respect to this issue.

## Conclusion

The post-conviction court's denial of Farris's petition for relief is reversed with regards to his claim of ineffective assistance of counsel for failure to move for dismissal of the consecutive habitual offender enhancement. We remand the issue of Farris's sentence to the post-conviction court with instructions to issue an amended sentencing order vacating Farris's second habitual offender enhancement in accordance with this opinion, without a hearing. (We calculate that this will reduce the length of Farris's sentence from 200 to 170 years.) In all other respects, we summarily affirm the opinion of the Court of Appeals, pursuant to App. R. 58(A)(2).

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

5