**Rodney HARRIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9205–CR–152.

Court of Appeals of Indiana,
Third District.

Sept. 10, 1992.

Transfer Denied Oct. 29, 1992.

Kenneth M. Hays, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

On March 28, 1991 Harris was given a suspended sentence of four years and was placed on probation for two years upon his guilty plea to a burglary charge.

On May 18, 1991, while on probation, Harris committed another burglary to which he pled guilty in another court on December 23, 1991. He was given an executed sentence of fifteen years for this offense.

The state also filed a petition to revoke Harris' probation on the first offense, and on January 16, 1992, the court revoked his probation and ordered that his sentence for the first offense be served consecutively to the fifteen year sentence for the second offense.

Harris appeals, contending the court was without authority to order that the sentences be served consecutively. We disagree and affirm.

Harris first argues that the court had no discretionary authority under IC 35–50–1–2(a) to impose consecutive sentences because only one offense was before the court. *See Seay v. State* (1990) Ind., 550 N.E.2d 1284. We agree.

He then argues that because at the time he committed the first offense he was not on probation, etc., for the second offense, the court lacked authority to impose consecutive sentences under I.C. 35–50–1–2(b). We cannot agree. That section provides in pertinent part:

If, after being arrested for one (1) crime, a person commits another crime;

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; ....

the terms of imprisonment for the crimes *shall* be served consecutively, *regardless*

*of the order in which the crimes are tried and sentences are imposed.*

(Our emphasis).

The statutory mandate is plain, and it is simple. When the circumstances described in subsection (b) occur, the sentences for the offenses shall be served consecutively. It is beyond dispute that Harris' offenses occurred within the coverage of this subsection. Because sentence was imposed upon the second offense before Harris' probation had been revoked for the earlier offense, the court was not only authorized, it was required, upon revoking the probation to require that the sentences be served consecutively.

Affirmed.

STATON and BARTEAU, JJ., concur.