**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**JULIE P. VERHEYE**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARIUS JIGGETTS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1202-CR-59 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D03-0911-FB-00133

**September 20, 2012**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Darius Jiggetts ("Jiggetts") appeals the trial court's imposition of consecutive sentences following the revocation of his probation. We affirm.

## Facts and Procedural History

In February 2010, Jiggetts pleaded guilty to Class B felony burglary after committing a home invasion. The following month, the trial court sentenced him to a six-year suspended sentence with three years on probation. In July 2010, Jiggetts violated the conditions of his probation, and the trial court sentenced him to six months incarceration. When he was released, Jiggetts was returned to probation.

In July 2011, Jiggetts robbed a bank. As a result of the robbery, the State filed a petition to revoke his probation a second time. In September 2011, Jiggetts was convicted in federal court for the bank robbery. The federal court sentenced him for the bank robbery conviction on January 9, 2012. Tr. p. 40. On January 20, 2012, the State held an evidentiary hearing on the second petition to revoke probation. Following the hearing, the trial court revoked Jiggetts' probation, imposed the balance of his burglary sentence, and ordered the burglary sentence to run consecutive to the bank robbery sentence. Jiggetts appeals his sentence.

## Discussion and Decision

Jiggetts argues that the trial court erred in sentencing him. Specifically, his sole contention is that the trial court improperly ordered the burglary sentence to run consecutive to the bank robbery sentence. Indiana Code section 35-50-1-2(d), which provides as follows, is dispositive:

If after being arrested for one (1) crime, a person commits another crime:

(1)  before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime . . .

the terms of imprisonment for crimes shall be served consecutively regardless of the order in which the crimes are tried and the sentences are imposed.

Here, Jiggetts was on probation for the burglary conviction when he committed the bank robbery.  Under these circumstances, pursuant to the statute, the terms of imprisonment for the two offenses must be served consecutively.

We addressed this issue in Harris v. State, 598 N.E.2d 639 (Ind. Ct. App. 1992), trans. denied.  There, Harris pleaded guilty to burglary in March 1991 and was placed on probation for two years.  Two months later, Harris committed another burglary and was sentenced to fifteen years.  After Harris was sentenced for the second burglary, the State filed a petition to revoke his probation for the first offense.  In January 2002, the trial court revoked his probation and ordered that his sentence for the first offense be served consecutively to the fifteen-year sentence for the second offense.  Id.

On appeal, Harris argued that the trial court erred in ordering the sentences to run consecutively.  This Court explained that the "statutory mandate is plain, and it is simple. When the circumstances described in [the statute] occur, the sentences of the offenses shall be served consecutively."  Id. at 640.  We further explained that "because sentence was imposed upon the second offense before Harris'[s] probation had been revoked for the earlier offense, the court was not only authorized, it was required, upon revoking the probation to require that the sentences be served consecutively."  Id.  The statute speaks only to commission of another "crime" while on probation or parole, or during the term

of imprisonment for the "first crime." The language makes no distinction between a federal conviction and a state conviction, and we see no logical reason to do so.

Here, as in <u>Harris</u>, the trial court did not err in imposing consecutive sentences.

Affirmed.

VAIDIK, J., and BARNES, J., concur.